Gerster vs. Hilbert.

## GERSTER VS. HILBERT.

INSANE DEFENDANT: PRACTICE. (1) *Service of summons on insane defendant. Guardian* ad litem. (2) *Case stated.* 1. *Judgment properly vacated after the term.* 2. *Restitution of land properly awarded.* 3. *Order erroneous so far as it sets aside service of summons.* 4. *No error in refusing to vacate an order correct in part.*

| 38 | 609 |
| 86 | 392 |
| 38 | 609 |
| 112 | ²350 |

1. The summons must be served personally upon a defendant who is *insane in fact*, but has never been judicially declared so (R. S., ch. 124, sec. 9); but the court may appoint a guardian *ad litem* for such a defendant, and *should* do so whenever the fact appears that he is insane and has interests in the action requiring protection.

2. Summons in ejectment was served on defendant in the county jail, by the sheriff, who certified in his return that defendant was insane and was confined in the jail for safe-keeping. Without any guardian *ad litem* appointed, judgment by default was rendered against him, his family evicted, and plaintiff put in possession; and the land was afterwards conveyed by the plaintiff to one L. for a valuable consideration. Subsequently, on proof of defendant's insanity, the court appointed a guardian *ad litem* for him, and, on the guardian's motion, made an order setting aside the summons, the service thereof, and all subsequent proceedings, and awarding restitution of the land to defendant. Plaintiff moved to vacate *the whole* of the order. *Held,*

(1) That so far as the order opens the judgment and lets in the guardian to defend, it is within the provision for setting aside judgments suffered through defendant's *excusable neglect* (R. S., ch. 125, sec. 38).

(2) That the award of *restitution* would be proper, *as against plaintiff*, within the doctrine of *Wakeley v. Delaplaine*, 15 Wis., 555. And L. being chargeable, at the time of his purchase, with notice that the judgment was liable to be set aside, is in no better position than plaintiff would have occupied if he had retained the land.

(3) That so far as the order set aside the summons and the service thereof, it was erroneous.

(4) That plaintiff, however, not having appealed from that order, nor moved to modify it, but having moved (on untenable grounds) to set aside the *whole* order, there was no error in wholly denying that motion; though the court *might*, perhaps, in its *discretion*, have granted it in part and denied it in part.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover certain land in Manitowoc county. The summons was served on the defendant *Hilbert* in the jail of that county by the sheriff, who certified in his return that the defendant was insane and was confined in such jail for safekeeping. Without any guardian *ad litem* having been appointed, or any one designated to care for and protect the interests of the defendant, judgment by default was rendered for the plaintiff for the recovery of the land, and a writ of restitution was issued, by virtue of which the wife and family of the defendant were evicted from the land, and the plaintiff put in possession thereof. Afterwards the plaintiff sold and conveyed the land to one Link, who paid for it a valuable consideration, and who claims that he supposed the plaintiff had a perfect title to the land. Subsequently, on proof of the defendant's insanity, the court appointed Mr. Shove his guardian *ad litem*, and, on motion of such guardian, vacated and set aside the summons in the action, the service thereof, and all subsequent proceedings, and awarded restitution of the land to the defendant. A writ of restitution was thereupon issued, by virtue of which Link was ejected and the defendant put in possession of the land.

The plaintiff afterwards moved to set aside the order vacating the summons, etc., and awarding restitution (which order is dated April 27, 1875), for certain irregularities specified in the motion. By an order dated June 28, 1875, the court denied the motion; and from that order the plaintiff appealed.

*R. P. Eaton*, for appellant:

The refusal to vacate the order of April 27th was error. 1. It was made after the term at which the judgment was entered. 2. The notice under which it was obtained did not, nor did the order itself, contain any specification of irregularities. 3 Wis., 320; 14 id., 585. 3. There was no such action pending or in judgment as the papers were entitled in. 4. The land had been sold a long time previous, to Link, for a sound price, and he was in possession of the same at the time the order was

made. 5. The order was irregular in directing a writ of restitution; and the writ was improperly served by putting a stranger in possession, after an order staying proceedings was served on defendant's attorney. 6. The service of the summons and complaint was made as provided in subd. 4, § 10, ch. 124, Tay. Stats., and in the only way it could be made. In New York it is uniformly held that a judgment against a lunatic who had a committee is not void nor even erroneous. 2 Barb., 153 ; 13 id., 424; 19 Wend., 650; 2 Barb. Ch. Pr., 227–231. In all the cases where relief has been given against the judgment, it was shown that a good defense existed. 7. Shove was not properly appointed guardian *ad litem*, because one Richter was then his guardian, and no cause was shown why he should not act in the matter ; and also because no commission had been issued to try the question of lunacy. 8. It was error to set aside the summons and complaint when no irregularity was shown in either.

*H. G. & W. J. Turner*, for respondent.

1. This being an application to vacate an order, the party applying must show not only that there is some technical defect, but that he has *merits* which require a rehearing of the case. *Sayles v. Davis*, 22 Wis., 225 ; *Ellis v. Jones*, 6 How. Pr., 297 ; *Bowman v. Sheldon*, 5 Sandf., 660. It was irregular for the case to proceed further than the service of the summons without the appointment of a guardian. Tay. Stats., 1574, § 10 ; Rules in Equity, No. 78. And this irregularity was pointed out in the papers used upon the motion to vacate the judgment. 3. The writ of restitution was placed in the hands of the sheriff before the order staying proceedings was served. Moreover the order staying proceedings was of no force, it not being granted for the purpose of affording the plaintiff an opportunity to procure any relief, and not being accompanied by any moving papers. 1 Till. & Shearm. Pr., 427 ; *Sales v. Woodin*, 8 How. Pr., 350 ; *Schenck v. McKie*, 4 id., 248 ; *Rosevelt v. Fulton*, 5 Cow., 439.

LYON, J.  The record shows conclusively that the defendant was totally insane when the summons was served upon him. Although personal service upon the defendant was necessary under the statute (R. S., ch. 124, sec. 9), yet it was impotent as a means of giving the defendant notice that he had been sued and an opportunity to defend the action.  Beyond all question the court had power to appoint a guardian *ad litem* for the defendant; and it was the duty of the court to do so whenever it was made to appear that the defendant was insane and had interests in the action which required protection.  These conditions were duly proved, the guardian was appointed, and no attempt has been made to set aside the appointment.

Had the court only opened the judgment and let in the guardian to defend the action, the proceeding would clearly be within the discretion conferred upon the court by statute (R. S., ch. 125, sec. 38); for certainly the failure of the insane defendant to answer and make defense to the action was *excusable* neglect, if neglect at all.  To that extent the order of April 27th was correctly made.

Moreover, we think that part of the order which awards restitution to the defendant is proper.  Had the plaintiff retained the land, the order of restitution would be fully sustained by the case of *Wakeley v. Delaplaine*, 15 Wis., 555.  Link purchased *pendente lite*, and is chargeable with constructive notice that the judgment was liable to be opened.  He is in no better position than the plaintiff would have been in had he retained the land.

The only valid objection which can be urged against the order of April 27th is, that it sets aside the summons and service, as well as the judgment.  This was error; and had that order been appealed from, it would have to be modified in that particular.  Or had the plaintiff moved to modify it by restoring the summons and service thereof, the motion should have been granted.  But he has made no such motion.  He attacks the whole order, on grounds which we do not think are well

taken. The court would have committed error had it granted the motion, and it does not become us to say that it committed error in denying it. Perhaps the court might, in its discretion, have granted the plaintiff's motion in part and denied it in part; but we are not prepared to hold that it was bound to do so, under the circumstances of the case.

The proposition that mere formal service of process upon a person insane in fact, although not judicially declared to be insane, will enable the plaintiff to take a judgment by default which cannot be opened to let in a meritorious defense, cannot be entertained for a moment. And it is so manifestly just that the guardian of this defendant should have an opportunity to defend this action, so that the rights of the defendant may be protected, that we have not deemed it any part of our duty to search for technical or trifling errors and defects of practice, in order to save the judgment, but have chosen rather to decide the case upon its real merits, disregarding those technical irregularities which can harm no one.

*By the Court.* — Order affirmed.