[No. 6264.]

# THE SACRAMENTO SAVINGS BANK v. ROBERT W. SPENCER.

53 737
101 603

SERVICE OF COMPLAINT.—Where the action was brought against R. W. Spencer, John Doe, and Richard Roe, and Spencer was served with a copy of the summons only: *held*, that the service was good, and that he could not remain silent and then claim that the service was void; but should have searched the files of the Clerk's office for the complaint.—[REPORTER.]

SERVICE UPON INSANE PERSONS.—Where a party was insane and no guardian had been appointed for him, the Practice Act of 1850 required that he should be served personally.—[REPORTER.]

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

Ejectment for a tract of land in San Joaquin County. Spencer was the owner of the land under a patent from the United States, and mortgaged it to W. K. Dell. Subsequent to the execution of the mortgage, Spencer became insane, and was confined as an insane person in the State Insane Asylum at Stockton. During such insanity and confinement, Dell commenced an action against Spencer in the District Court, San Joaquin County, to foreclose the mortgage, and for a decree of sale of the mortgaged premises. Spencer was over the age of twenty-one years at the commencement of this action. An attempt was made, through an order of the Judge of said District Court, to appoint Dr. G. A. Shurtleff guardian *ad litem* of Spencer; but it is admitted that such order was a nullity. A copy of the summons in the action was served on Spencer while insane and confined as such; but no copy of the complaint was served. There was no appearance for the defendant in the action. A decree was entered in the District Court directing the sale of the mortgaged premises, under which the same were sold, and Dell became the purchaser at such sale; and no redemption

having been made, Dell received a Sheriff's deed for the land. Plaintiff claims title under and through Dell. Subsequent to this Sheriff's deed, Spencer became sane, and was discharged from the asylum, and took possession of the land—claiming that the decree of foreclosure was void, and that no title was acquired thereunder. Judgment was rendered for the plaintiff, and the defendant appealed. The other facts are stated in the opinion.

*J. H. Budd & Sons*, for Appellant.

Spencer was the sole defendant, and there was no service of the complaint upon him. Jurisdiction of the person of defendant could only be acquired by service of both the copy of the summons and a copy of the complaint. The service of the one could as well be omitted as the other. The summons, with the return of the officer of service thereof, was as much a part of the judgment, and shows that the service of the summons was in fact made. (Sec. 203 Pr. Act as amended April 2nd, 1866.) We contend in this case that under the rule in *Hahn* v. *Kelly*, 34 Cal. 391, and *Quivey* v. *Porter*, 37 Cal. 461, the judgment roll, which imports absolute verity, having shown exactly how the service on the defendant Spencer was made, and further showing that the Court had not acquired jurisdiction of the person of defendant Spencer, the judgment of the District Court was void. The entry of a default is a ministerial act of the Clerk; it is no act of the Court. (Practice Act, secs. 150, 203.)

The defendant Spencer was found by inquisition, duly taken, to be an insane person, and was committed to the State Insane Asylum at Stockton, California. Sec. 15 of the Act concerning the Insane Asylum of California, approved April 25th, 1863, provided for the custody of the property of the insane person as well as for that of his person. In fact, the inquisition was in the nature of a proceeding *in rem*, and until the discharge of Spencer he could waive no right, and it would seem that no valid judgment could be obtained against him without some guardian of his estate to represent him. (*Wadsworth* v. *Sharpstein*, 8 N. Y. 288.)

*A. C. Freeman*, for Respondent.

1. The Courts have always had and entertained jurisdiction over lunatics. (*King* v. *Robinson*, 33 Nev. 121; *Allison* v. *Taylor*, 6 Dana, 87; *Steel* v. *Allan*, 2 B. & P. 362, 437; *Phillip* v. *Sexton*, 3 B. & P. 550; *Hathaway* v. *Clark*, 5 Pick. 490; *Beverly's Case*, 4 Co. 123; *Mansfield's Case*, 12 Co. 124.) Under our practice, a summons may be served on an insane defendant in the same manner as if he were sane, unless he has been judicially declared of unsound mind, and a guardian has been appointed for him. (Practice Act. sec. 29.)

2. The judgment of foreclosure is claimed to be void, because a copy of the complaint was not given to the defendant. The Court in which the case was pending decided that sufficient service of summons had been made, and that the default of the defendant had been duly entered. Such findings and recitals are conclusive, (*Hahn* v. *Kelly*, 34 Cal. 391) and prevail over the Sheriff's return showing an insufficient service of process. (*Quivey* v. *Porter*, 37 Cal. 458; *Quivey* v. *Baker*, 37 Cal. 465.)

A recital that a default has been duly entered is a recital of jurisdiction. (*Peck* v. *Strauss*, 33 Cal. 678.)

The Sheriff's return clearly shows that the defendant was served with a copy of the summons. This is clearly sufficient on a collateral attack. (*Drake* v. *Duvenick*, 45 Cal. 455.)

3. The record, at worst, shows not an *absence* of jurisdiction over the defendant, but merely a defect or irregularity in obtaining jurisdiction. Such defects and irregularities may, when not corrected, make judgments erroneous, but do not render them void. (*Whitwell* v. *Barbier*, 7 Cal. 54; *Dorente* v *Sullivan*, 7 Cal. 279; *Smith* v. *Bradley*, 6 S. M. 485; *Moomey* v. *Maas*, 22 Iowa, 380; *Peck* v. *Strauss*, 33 Cal. 678; *Drake* v. *Duvenick*, 45 Cal. 455; *Isaacs* v. *Price*, 2 Dill. 351; *Glover* v. *Holman*, 3 Heisk, 519; *West* v. *Williamson*, 1 Swanst. 277; *Christian* v. *O'Neil*, 46 Miss. 669; *Harrington* v. *Wofford*, 46 Miss. 81; *Cole* v. *Butler*, 43 Me. 401; *Hendrich* v. *Whittemore*, 105 Mass. 23; *Myers* v. *Overton*, 2 Abb. Pr. 344; *Hunter* v. *Lester*, 18 How. Pr. 347; *Bromley* v. *Smith*, 2 Hill, 517; *Dough-*

*erty* v. *McManus*, 36 Iowa, 657 ; *Shea* v. *Quintin*, 30 Iowa, 58 ; *Shawhan* v. *Loffer*, 24 Iowa, 217 ; *Ballenger* v. *Tarbell*, 16 Iowa, 491.)

By the COURT:

The defendant claims that the decree in the foreclosure suit is void, because it appears from the return of the Sheriff that no copy of the complaint was served with the summons on Spencer, one of the defendants therein.   There were, however, three defendants to that action, to wit, Robert W. Spencer, John Doe, and Richard Roe.   Three persons were sued, and the circumstance that the real names of two of them were unknown to plaintiff, and that they were designated by fictitious names, did not reduce the number of defendants.   The Practice Act of 1851, as amended in 1860, provided: " If there be more than one defendant in the action, and such defendants reside within the county, a copy of the complaint need be served on only one of the defendants."   If there was service of a copy of the complaint on either of the other defendants, the service of summons on Spencer (if in other respects a good service) was sufficient to give the Court jurisdiction.   The transcript does not show affirmatively that there was no service of the complaint on another defendant, but if it did, this would be but irregularity.   The defendant knew from the summons that he was impleaded with others, and that either of the others might have had served on him a copy of the complaint.   It was his duty, under these circumstances, to search the files of the Clerk's office, and he could not remain silent and then claim that the judgment against him was *void*.   (*Drake* v. *Duvenick*, 45 Cal. 446.)   The summons was served upon the defendant Spencer personally.

It is alleged that Spencer was *insane* at the time of such service.

The "Act to provide for the appointment of guardians," (Statutes 1850, p. 268) prescribes the mode of appointing guardians for insane persons.   In the present case, it does not appear that any guardian had been appointed under that act, or

under the laws relating to the State Insane Asylum. (Hittell's Gen. Law, sec. 3803.) Sec. 29 of the Practice Act of 1850, (Amended Statutes 1861, p. 496) provides that service shall be had upon an individual defendant *personally*, unless he is a minor or a person judicially declared insane, or of unsound mind, *for whom a guardian has been appointed.*

Judgment and order affirmed. Remittitur forthwith.