Bond vs. Neuschwander.

Bond, Appellant, vs. Neuschwander, Garnishee, Respondent.

<table>
<tr><td>86</td><td>391</td></tr>
<tr><td>112</td><td>ˢ350</td></tr>
</table>

*November 8 — November 28, 1893.*

*Vacating judgment by default against insane garnishee.*

1. Judgment by default having been rendered against a garnishee who was insane when the summons was served upon her, it was proper, under sec. 2832, R. S., upon that fact being made to appear, to open the default and allow her to answer.

2. The property claimed to be in the hands of such garnishee being real estate which, she being insane, could only be transferred by authority of court, plaintiff was not prejudiced by an order vacating the judgment absolutely instead of allowing it to stand as security to him pending the determination of the issue.

APPEAL from the Superior Court of *Milwaukee* County.

The appeal is from two orders. On September 24, 1892, the plaintiff obtained judgment by default against Nicholas Neuschwander, the principal defendant, for $6,854.34, and on October 1, 1892, judgment by default was rendered against *Appolonia Neuschwander*, his wife, as garnishee, for the amount of the principal judgment and costs. In March, 1893, a petition was filed on behalf of the garnishee defendant, signed and verified by her husband, the main defendant, asking to have the judgment against the garnishee opened and vacated on the ground that the garnishee was insane at the time of the service of the process upon her. This petition was not entertained by the court, because no guardian *ad litem* had been appointed for the garnishee. Afterwards, the husband, Nicholas Neuschwander, was appointed such guardian *ad litem*, and filed a new petition in that capacity, praying for the opening of the judgment and the setting aside of the service of the summons. This petition alleged positively the insanity of the garnishee for more than three years. It also contained an affi-

davit of merits and a denial of any liability as garnishee at the time of the service of the summons, substantially as required by sec. 2759, R. S. Accompanying this petition was a physician's certificate that the garnishee was insane, and an affidavit by one Laudon that he had been well acquainted with the garnishee for three years, and that she had been insane for all that time. Upon hearing this petition the court made an order, April 17, 1893, vacating and setting aside the judgment against the garnishee. The plaintiff thereafter moved the court to vacate the order of April 17th, and in lieu thereof make an order stating, as the reason for vacating the judgment, the fact that the garnishee defendant was a married woman. This the court refused, but amended the order of April 17th by inserting at the end thereof: " And said garnishee defendant is allowed to answer and defend in this action." A second motion was made by plaintiff to vacate the order of April 17th. On this motion a number of affidavits were filed on behalf of the garnishee defendant, conclusively showing her insanity for more than a year previous to the motion. The motion to vacate was denied May 20, 1893, and from the orders of April 17th and May 20th the plaintiff appeals.

*A. J. Eimermann*, for the appellant.

For the respondent there was a brief by *Austin & Hamilton*, and oral argument by *C. H. Hamilton*.

WINSLOW, J. The court was entirely right in opening the default and allowing the garnishee defendant to answer. Such a course was the only proper one when it appeared, as it did without dispute, that the garnishee was insane when the summons was served upon her. R. S. sec. 2832;[1] *Gerster v. Hilbert*, 38 Wis. 609. The verified petition con-

---

[1] R. S. sec. 2832, provides that the court may relieve a party from a judgment against him through his mistake, surprise, or excusable neglect.— REP.

tained an affidavit of merits as well as a sworn denial of all liability, substantially sufficient as an answer under sec. 2759, R. S., so all the technical requirements necessary to authorize the court to open the default were complied with.

It. is true that the court went further than would be justified in an ordinary case of opening a judgment and allowing a defense to be made. Ordinarily, the default should be set aside and the judgment should be allowed to stand as security to the adverse party, pending the determination of the issue; but in this case, it appearing that the property claimed to be in the hands of the garnishee is real estate, and she being insane, so that a transfer thereof could only be made by authority of court, it does not appear that the plaintiff is prejudiced by the absolute vacating of the judgment.

No other points require notice.

*By the Court.*— Orders affirmed.