210:39 LRA

[S. F. No. 153.   Department Two.—September 15, 1896.]

LIZZIE F. DUNN ET AL., APPELLANTS, *v.* CATHERINE DUNN ET AL., RESPONDENTS.

INSANE PERSON—FORECLOSURE—JUDGMENT—APPOINTMENT OF GUARDIAN.— A judgment in an action to foreclose a mortgage against an insane person, which was rendered without the appointment of a guardian, although irregular, is not void, and cannot be collaterally attacked as against a *bona fide* purchaser of the mortgage premiums at the foreclosure sale.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. CHARLES W. SLACK, Judge.

The facts are stated in the opinion of the court.

*F. W. Lawler*, and *Henry K. Mitchell*, for Appellants.

*Smith & Murasky*, for Respondents.

Temple, J.—February 26, 1878, one Mary A. Kingman owned the premises here in question. It was found that she was then, and long prior thereto had been, insane, incompetent to transact business or to understand the nature of her acts, and entirely without understanding, and continued to be in such mental condition up to the time of her death in 1886. She had not been judicially declared of unsound mind, and had no guardian.

On the date first mentioned one Garwood loaned to Mary A. Kingman four hundred dollars, and took from her a mortgage upon the property mentioned to secure the same. On the eleventh day of September, 1878, Garwood commenced an action to foreclose the mortgage against said Mary A. Kingman. Personal service of summons was made upon Mary A. Kingman. She suffered default, and a decree of foreclosure was entered. A sale was had under the decree, Garwood being the purchaser for the sum of five hundred and fifty-five dollars. No redemption was made, and Garwood obtained a deed from the sheriff, and in September, 1879, sold and conveyed the premises to the defendant, Catherine Dunn, for three thousand five hundred dollars, paid by said defendant.

It was found that defendant, Catherine Dunn, had no knowledge of the insanity of Mary A. Kingman before the commencement of this action, and that she purchased the property in good faith and for a valuable consideration.

The plaintiffs are heirs at law of Mary A. Kingman, and bring this suit to annul the mortgage and the judgment of foreclosure.

This cannot now be done. The defendant, Catherine Dunn, is a purchaser in good faith and for a valuable consideration. Insane persons may be sued and juris-

diction over them acquired as of other persons. True, guardians should be appointed to represent them. It was, no doubt, the duty of the plaintiff to cause it to be done. But the judgment entered without the appointment of a guardian, though irregular, is not void. Undoubtedly it may be vacated in a direct proceeding if no innocent purchaser has acquired rights under it. But public policy forbids that as to such persons the validity of the judgment shall be questioned. The judgment was regular on its face. The court had jurisdiction of the subject matter and of the person of the defendant. The judgment itself was an adjudication that the court had jurisdiction, and on collateral attack was conclusive, except as to infirmities shown in the judgment-roll. There may be exceptions to this rule, but this is not one.

It is a hardship upon plaintiffs, and it is possible that the mortgage and judgment were obtained by unfair means. But of these defendant had no knowledge, and the wrong cannot be righted at her expense.

The judgment is affirmed.

HENSHAW, J., and McFARLAND, J., concurred.