GODDE v. MARVIN.

1. INSANE PERSONS—JUDGMENT—EQUITABLE RELIEF.
   A default judgment against an insane person under guardian-
   ship, founded on personal service on him, no notice of the
   suit being brought to his guardian or his heirs until after his
   death, will be vacated where it appears that the statute of
   limitations was a complete defense to the suit.

2. LIMITATION OF ACTIONS — ACCOMMODATION INDORSER — RE-
   NEWAL OF PERIOD.
   The mere presence of an accommodation maker, when the
   maker pays interest on a note, will not keep the demand alive
   as against the accommodation maker.

Appeal from Kalamazoo; Adams, J. Submitted No-
vember 16, 1905. (Docket No. 139.) Decided December
30, 1905.

Bill by George F. Godde, administrator of the estate of
Richard D. Gregory, deceased, and others against Henry
M. Martin and another to vacate a judgment. From a
decree dismissing the bill, complainants appeal. Re-
versed, and decree entered for complainants.

*A. M. & C. H. Stearns,* for complainants.

*D. O. French,* for defendants.

BLAIR, J. The bill in this case is filed to vacate a judg-
ment recovered against Richard D. Gregory in his life-
time upon a promissory note executed by said Gregory and
his brother, Enoch, April 19, 1892, due one year after
date. The note was made entirely for the benefit of
Enoch, who received and used the money borrowed. On
April 19, 1894, Enoch paid the interest to date, which was
indorsed upon the note. On January 26, 1898, the pro-
bate court for Kalamazoo county duly adjudged Richard

D. Gregory to be an insane person, and he was admitted to the asylum for the insane. On March 25, 1898, said court, determining that said Gregory was an insane and mentally incompetent person, duly appointed one Charles C. Wood to be guardian of his person and estate. Richard D. Gregory continued to be insane and mentally incompetent, an inmate of the asylum and under guardianship, to the day of his death. Henry M. Marvin, the payee in the note, knew of the mental condition of Richard D. Gregory and that he was under guardianship, and had talked with the guardian about the note before bringing suit thereon. On April 17, 1900, Marvin brought suit on the note against Richard and Enoch. The summons was served on Richard at the asylum. No guardian ad litem was appointed, nor was the court acquainted with the fact that Richard was insane, and incompetent mentally to defend the suit. None of the heirs was notified, nor was the general guardian, and none of them knew of the suit or that a judgment had been rendered until after the death of Richard, September 9, 1903, and the appointment of an administrator on the 21st day of January, 1904, who filed the bill of complaint herein March 14, 1904. The declaration in the suit on the note was filed July 2, 1900, and on the same day default was entered as to both defendants. On December 4, 1901, an execution levy was made upon the homestead of said Richard, consisting of 73 acres, of the value of about $3,000.

It was conceded upon the argument that equity has jurisdiction of a suit of this character, and that the sole question for our determination was whether such injustice had been done as to authorize a court of equity to set aside the judgment of the court of law.

" It is well understood that before a chancery court will interfere with a judgment at law it must be made very clearly to appear that an injustice has been done." *Mueller* v. *Marsh*, 116 Mich. 375.

See, also, *Finn* v. *Adams*, 138 Mich. 258. The only

defense which Richard D. Gregory had was the statute of limitations, but this was an absolute defense, which precluded any recovery whatever. As between himself and his brother, it was Enoch's duty to pay the note, and he was an accommodation maker. By the proceedings taken he was deprived of a statutory protection which would have saved him harmless, and it would be a strange doctrine that should announce that such deprivation of statutory rights worked no injustice in the view of a court of equity. Upon the testimony in the record before us, if Richard D. Gregory had been represented and had properly presented his defense of the statute of limitations, the court must have directed a verdict in his favor. Enoch Gregory testified that he paid the interest when his brother Richard was not present, and that Richard had nothing to do with the payment whatever. The only testimony given in behalf of the plaintiff was that of Mr. Rorabeck, an employé of Marvin, as follows:

" *Q.* Now, there is an indorsement on the back of $40 ?
"*A.* Yes; that is the interest for two years. It seems to be dated as paid at the end of just two years.
" *Q.* Were you present when that interest money was paid ?
"*A.* I must have been, as that indorsement on the back is in my handwriting. I think they both came to the bank. I think Enoch paid the money. That is my impression, that they both came down. It is the best of my recollection that Richard was with him."

The most that can be claimed for this testimony is that it shows that Richard was present when Enoch paid the money. The mere presence of Richard when the interest was paid was not sufficient to keep the demand alive as against him. *Mainzinger* v. *Mohr*, 41 Mich. 685; *Home Life-Ins. Co.* v. *Elwell*, 111 Mich. 689; *Borden* v. *Fletcher's Estate*, 131 Mich. 220.

As we are satisfied that a trial of the suit at law must result in a judgment in favor of complainants in this suit, a decree will be entered vacating the judgment in that suit as to Richard D. Gregory, and avoiding all proceed-

ings thereunder, or in enforcement thereof, as against him
or his estate.    Complainants will recover their costs in
both courts.

GRANT, MONTGOMERY, OSTRANDER, and HOOKER, JJ.,
concurred.