ALBERT C. WATSON, Appellee, v. WILLIAM HORNER et al., Appellants.

JUDGMENT: Setting Aside—Insane Person. Judgment against an insane person, for whom there was a total failure of appearance, should be set aside on a prima-facie showing of defense to the action, the application to set aside being timely. (Sec. 4091, Code, 1897.)

*Appeal from Dallas District Court.*—W. H. FAHEY, Judge.

TUESDAY, NOVEMBER 21, 1916.

PETITION to vacate and set aside a judgment, and for a new trial of an action in which Albert C. Watson was plaintiff and William Horner was defendant, wherein Watson secured judgment by default against Horner for the sum of $800 and costs, the said action growing out of an automobile accident, the defendant William Horner being the owner and driver of the car which struck Watson. The petition is bottomed on the insanity of Horner at the time the original notice was served and at the time judgment was rendered against him, Horner making no appearance either in person or by attorney, and no guardian having been appointed for him. The trial court denied the petition, and Oliver Horner, who was appointed guardian for William, and who filed the petition in this case, appeals.—*Reversed* and *Remanded*.

*Burton Russell,* for appellants.

*White & Clarke,* for appellee.

DEEMER, J.—Plaintiff Watson was injured by an automobile driven by William Horner about September 21, 1914, and, after some correspondence with reference thereto with defendant's father, Oliver Horner, he com-

JUDGMENTS: setting aside: insane person.

menced action against William, on or about December 22, 1914. The original notice was served personally on William Horner on December 22, 1914, by the sheriff of Dallas County. The action was commenced for the January, 1915, term of the Dallas County district court. Defendant made no appearance to the suit, and, default having been entered against him, plaintiff made his showing, and on January 11, 1915, the court rendered judgment against William Horner for the sum of $800 and costs.

On April 16, 1915, upon a petition duly filed by Oliver Horner against William Horner, the district court of Dallas County, after a hearing, found that William Horner was a

person of unsound mind and in need of a guardian, and on the
same day, Oliver Horner was appointed permanent guardian
of William, and letters were issued to him on April 20th of the
same year.   Theretofore, Oliver had been appointed tem-
porary guardian for William, and, as we understand it, he
commenced this action to vacate and set aside the original
julgment on February 16, 1915.

The grounds for setting aside and vacating the judg-
ment were that defendant William Horner was insane at the
time the original action was commenced and at the time
the judgment was rendered, and that he did not appear either
in person or by attorney, nor was any guardian appointed for
him in that proceeding.   The guardian also pleaded that
defendant William Horner had a good defense to the original
action.   These were the issues.   On the trial, it was shown
that William Horner was found to be insane by the commis-
sioners of insanity of his county, and ordered committed to
the hospital for insane on May 13, 1902; that he remained
at the hospital until November 17th of the same year, when
he was discharged as cured.   Again, on March 31, 1903, he
was   adjudged   insane   by   the   commission   and   recom-
mitted   to   the   hospital   until   December   8,   1905,   when
he was again discharged as cured.   He was finally adjudged
insane   by   the   district   court   on   an   application   by   his
father, as before stated.   Testimony was adduced tending
to show his insanity at all times after the year 1900, at
which time he had some trouble with his wife, she leaving
him at that time, but a few months after their marriage.
There can be no doubt, under the record, that defendant Wil-
liam Horner has at all times been peculiar in his habits, and
that he was, and is, mentally unbalanced.   He was, as we
think, insane, and this insanity so affected his mind that he
did not understand the import of the original notice which
was served upon him.   He gave no attention to the case, and
it seems that the father knew nothing of it until he heard
a neighbor, who had been a juror at the term of court at

which judgment was rendered, say that such a judgment had been rendered.

We shall not set out the testimony on which we base our conclusions, as to do so would unduly encumber the records. As will be observed, the original judgment was rendered against William Horner without appearance and without the appointment of a guardian, either temporary or permanent. This is sufficient ground for setting aside the judgment, provided a prima-facie showing of defense to the original action is made. Code, 1897, Sec. 4091, Par. 3. *Hawley v. Griffin,* 121 Iowa 667. As to this defense, it is sufficient to say that enough is disclosed by the testimony to take the case to a jury on the question not only of defendant's negligence, but also on the care exercised by Watson at the time the accident occurred. Defendant was not driving at an excessive rate of speed, nor was he on the wrong side of the road. Plaintiff, without looking for an approaching car, evidently attempted to walk across the road to an auto standing in the regular beaten track, to converse with the occupants, in front of the car which defendant was driving; and, when defendant came up to pass the standing auto, he did all he could do to avoid injuring the plaintiff. We do not say that these are the facts. All we mean to hold is that there is testimony tending to establish them, and that this made a prima-facie case for the defendant. Again, the doctor who examined the plaintiff after he received his injuries, testified that they were not at all serious, and indicated nothing but minor bruises. The judgment, in any event, in the light of this testimony, was very excessive.

We reach the conclusion that, on the showing made, the judgment should have been vacated and set aside, and a new trial ordered. For these reasons, the order must be reversed and the cause remanded for a new trial.—*Reversed* and *Remanded.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.