[Civ. No. 2454. First Appellate District, Division One.—December 31, 1918.]

CLAIRE WINSLOW, Appellant, v. H. B. McCARTHY, Respondent.

[Civ. No. 2455. First Appellate District, Division One.—December 31, 1918.]

MARGUERITE WINSLOW, Appellant, v. H. B. McCARTHY, Respondent.

JUDGMENT — ORDER VACATING — PRESUMPTION ON APPEAL.—Where an order granting a motion to vacate a judgment is general in its terms, and it can be sustained on any ground stated in the motion therefor, an appellate court is bound to assume that it was granted upon such ground.

ID.—INSANE DEFENDANT—JUDGMENT BY INADVERTENCE.—Where the defendant in an action had been adjudged insane and committed to an asylum, but no guardian of his person or guardian *ad litem* was appointed for him, and thereafter the summons was served on the defendant and the superintendent of the asylum by the sheriff, who in his return incorrectly stated that such superintendent was the guardian of the person of the defendant, and judgment was thereupon obtained by the plaintiff against the defendant, an appellate court may assume that had the trial court known that the defendant

39 Cal. App.—22

had no general guardian, it would have appointed a guardian *ad litem* in compliance with section 372 of the Code of Civil Procedure, and that the judgment was rendered inadvertently and irregularly by the court, which therefor had the right to set the judgment aside of its own motion.

ID.—AFFIDAVIT OF MERITS UNNECESSARY.—In such case, where one of the grounds of a motion on behalf of the subsequently appointed guardian of the person and estate of the defendant to vacate the judgment was that no guardian *ad litem* had been appointed by the court for the defendant, although said defendant had been adjudged insane, and had no general guardian at the time the judgment was rendered against him, such ground cannot be said to be chargeable to the mistake, inadvertence, surprise, or excusable neglect of the defendant, but rather to the inadvertence of the court, and in such case an affidavit of merits under section 473 of the Code of Civil Procedure is unnecessary.

APPEALS from orders of the Superior Court of the City and County of San Francisco, setting aside judgments. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. D. Dorn for Appellant.

Myrick & Deering and James Walter Scott for Respondent.

STURTEVANT, J., *pro tem.*—The above actions were brought to recover damages for injuries alleged to have been sustained on July 18, 1915, when the two plaintiffs were riding in an automobile as passengers. The defendant, H. B. McCarthy, was at the time driving the automobile in what is commonly called "jitney service." While the plaintiffs were in the automobile it collided with a street-car, and as a result of the collision, the plaintiffs were severely injured and McCarthy sustained injuries from which he later became insane.

The actions were commenced in October, 1915, and the Pacific Coast Casualty Company was named as a defendant. Summonses and complaints were served upon this company, which appeared and filed a demurrer in each action, which demurrers were sustained. In November, 1915, the defendant, H. B. McCarthy, was adjudged insane and committed to the state asylum at Agnews. On January 13, 1916, plaintiffs caused copies of the summonses and complaints to be served

upon H. B. McCarthy and upon Leonard Stocking, M. D., the medical superintendent of the hospital where defendant was confined. A return of service was made by the sheriff, which return incorrectly stated that Dr. Leonard Stocking was "the guardian of the person of said H. B. McCarthy, defendant." At the time that service was made upon McCarthy he was actually insane and no guardian had been appointed for him.

On March 2, 1916, counsel for the plaintiffs appeared in open court and dismissed the action as to all defendants except H. B. McCarthy. Without the appointment of a guardian *ad litem* for said defendant, plaintiffs obtained judgments in favor of plaintiff Claire Winslow and in favor of plaintiff Marguerite Winslow, which judgments aggregated $12,452.50.

On the second day of September, 1916, Anna H. McCarthy was appointed guardian of the person and estate of said H. B. McCarthy, an insane person. Letters of guardianship were issued to her out of the superior court of the city and county of San Francisco on that day, and on the same day said guardian caused to be served upon counsel for plaintiffs, notice of motions to vacate and set aside the judgments. The court, upon a hearing, granted the motions and vacated and set aside the two judgments. These appeals are taken by the plaintiffs from said orders setting aside their respective judgments.

The appellants urge that as there was no affidavit of merits served with the notices of motions to vacate the judgments, or presented at the hearing thereof, the motions should not have been granted.

The order granting the motion is general in its terms, and if it can be sustained upon any of the grounds stated in the motion, an appellate court is bound to assume that it was granted upon such ground. One of the grounds stated in the motion was that "at the time said judgment was rendered said Harold B. McCarthy was insane and incompetent, and was known by plaintiff to be insane and incompetent, and that nevertheless no guardian, either general or *ad litem*, was appointed to represent said defendant in said action."

Section 372 of the Code of Civil Procedure, provides that "When . . . an insane or incompetent person is a party, he must appear either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending, in

each case. . . . '' There is nothing in the record to indicate that the trial judge was aware of the fact that the defendant had no general guardian, and that the statement in the return made by the sheriff to the effect that Dr. Leonard Stocking was the guardian of the person of said McCarthy was incorrect. We may assume that had the court known that the defendant had no general guardian, it would have appointed a guardian *ad litem* in compliance with the provisions of the above section. This being true, the judgments were rendered inadvertently and irregularly by the court, and of its own motion the court had the right to set the same aside. (*Stewart* v. *Taylor,* 68 Cal. 5, [8 Pac. 605].) This being true, we think no affidavit of merits would be required.

Moreover, in the case of *Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134, at page 144, [56 Pac. 797, 801], the court says in considering the provisions of section 473 of the Code of Civil Procedure, requiring an affidavit of merits:

''The main provision of that section is that the court may relieve a party from judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, and it is quite clear that the provision just quoted has no application to the ground upon which the respondent moved in the case at bar. Defendant here is not asking relief from its neglect or mistake or default of any character. In the cases cited, the parties making application to set aside the judgments confessed some neglect or misconduct from which they sought relief and thus come clearly within the provisions of said section, and of course were compelled to comply with the provisions of the section under the construction which the court had given them.''

We think that in the case at bar the ground stated, i. e., that no guardian *ad litem* had been appointed by the court for the defendant, although said defendant had been adjudged insane and had no general guardian at the time the judgments were rendered against him, cannot be said to be chargeable to the mistake, inadvertence, surprise, or excusable neglect of the defendant, but rather to the inadvertence of the court. Therefore, under the language above quoted no affidavit of merits was necessary.

The orders appealed from are affirmed.

Lennon, P. J., and Beasly, J., *pro tem.,* concurred.