HERMAN LUTTER, PROSECUTOR, v. ALBERT NEUBAUER, RESPONDENT.

Submitted March 21, 1924—Decided June 17, 1924.

1. Although an insane person may be sued at law for an alleged debt, his incapacity requires that he be protected, and to that end, if he is of full age, the court will appoint an attorney to perform that function for him.

2. On an application made by the administrator of the defendant, the District Court has jurisdiction to open a "judgment by default" for the purpose of permitting a defense on the merits, when it appears (1) that the defendant was insane at the time the summons was served upon him and continuously thereafter until

his death, five days after the judgment was entered; (2) that the court was unaware of the defendant's disability; (3) that the defendant made no appearance and was unrepresented, but in fact had a good and meritorious defense, and (4) that such action was taken before any rights of innocent third parties intervened, and such application was made promptly after the existence of the judgment became known to such administrator, although not made within thirty days after judgment.

On *certiorari.*

Before Justices TRENCHARD, PARKER and CAMPBELL.

For the prosecutor, *Louis J. Beers* and *Edward A. Schilling.*

For the respondent, *Walter C. Ellis.*

The opinion of the court was delivered by

TRENCHARD, J. The *certiorari* in this case brings up the proceedings and judgment in the First District Court of the city of Newark in favor of the defendant below in a suit brought to recover for the board and lodging of the defendant in the year 1916.

The record discloses the following facts and circumstances: On September 2d, 1921, Albert Neubauer, the defendant, an old man, was served with the summons while an inmate of the Newark City Almshouse. No appearance having been made or entered by the defendant, a "judgment by default" was entered against him for $483.12 on October 8th, 1921, on affidavit filed by the plaintiff, pursuant to section 146 of the District Court act, as amended by chapter 169 of the laws of 1913. *1st Supp. Comp. Stat., p.* 498. The defendant died at the almshouse on October 13th, 1921, five days later. On November 2d, 1921, Rose Seipel was appointed administratrix of the defendant's estate, and on January 11th, 1922, the plaintiff filed his judgment claim with her. This was the first knowledge the defendant's administratrix had of the action against the defendant and she thereupon

commenced an investigation and subsequently consulted counsel. On April 21st, 1922, upon affidavits submitted, the District Court granted a rule to show cause "why a new trial should not be granted, or a judgment rendered in favor of the defendant instead of the plaintiff," and, after considering the answering affidavits, on May 9th, 1922, ordered that such "judgment be reopened for the purpose of permitting the administratrix of the estate of the said defendant to be substituted as the defendant and to present a defense on the merits." After numerous adjournments, the court, on October 18th, 1923, heard the evidence of both parties and rendered judgment for the defendant.

The reasons assigned by the plaintiff below, and prosecutor here, for setting aside such judgment in favor of the defendant really come down to this: That the District Court had no jurisdiction to open the original judgment, and hence none to render the subsequent judgment.

We think that such reason has no substantial basis in law or fact.

The evidence upon which the court acted in opening the judgment disclosed that the defendant had a good and meritorious defense to the action, and that for several months prior to the service of the summons, and continuously thereafter, the defendant was absolutely incompetent mentally to understand or transact any business affairs.

Now, although an insane person may be sued at law for an alleged debt, his incapacity requires that he be protected, and to that end, if he is of full age, the court will appoint an attorney to perform that function for him, even though there has been no prior adjudication of insanity. *Wilkinson, Gaddis & Co.* v. *Markert,* 65 *N. J. L.* 518; *Van Horn* v. *Hann,* 39 *Id.* 207; *Coombs* v. *Janvier,* 31 *Id.* 240.

Here the defendant's interest was not thus protected, for the reason that the court was entirely unaware of the defendant's legal disability.

The plaintiff, however, contends that "since the new trial was not based upon newly-discovered evidence," and the application was not made within thirty days after judgment,

the court had no jurisdiction to open the original judgment and render another judgment. He relies upon section 17 of the District Court act (*Comp. Stat., p.* 1959), which declares that: "In every case tried in any of said courts the judge may, if he sees fit, order a new trial to be had upon such terms as he shall think reasonable, and in the meantime stay proceedings, provided that application for such new trial, except where the said application is based upon newly-discovered evidence, shall be made within thirty days after judgment."

No doubt, generally speaking, as stated in *Rosner* v. *Cohn,* 81 *N. J. L.* 343, 345, "at common law, there was a limitation that a new trial would not be granted after the term had expired, and the legislature, by section 17, in lieu of the term, inapplicable to a District Court, has prescribed the limit of thirty days, except in cases of newly-discovered evidence," and it has been held that the District Court has no authority to grant a new trial upon an application made more than thirty days after judgment, unless the application is based upon newly-discovered evidence. *Flaherty* v. *Pack,* 73 *Id.* 103; *affirmed,* 74 *Id.* 592.

But we think that this case does not fall within that rule. The default judgment was not the result of a case "tried." Moreover, we do not view the action of the District Court as the granting of a "new trial" within the meaning of section 17 of the District Court act. We look upon it as the setting aside of a "judgment by default," which is just what it is in fact. No doubt it is true that the court's action was not, strictly speaking, based upon "newly-discovered evidence." It was a newly-discovered judgment. The judgment was based upon an erroneous idea of the facts, *i. e.,* that the defendant was *compos mentis,* when he was not, and, indeed, could not set up that defense himself. The substantial ground for reopening the judgment was the legal disability of the defendant of which the court was unaware at the time the judgment was entered. The action of the court was tantamount to a writ of error *coram nobis,* which, according to the authorities, may be used to correct errors of fact in the

proceedings, not errors in law. See *Tidd Pr.* (*9th ed.*) *1136; 4 Bl. *406, volume 2 of Cooley's edition, page 1158, *note*. Here there was error of fact in the proceedings, not necessarily fraud, and this the court undertook to correct.

We do not find that a writ of error *coram nobis* has ever been used in New Jersey practice, but it is a common law writ and it is safe to say that we have not used it because of our equitable liberality of reviewing matters of this kind in a summary way. The District Court is a court of general jurisdiction, though the amount of its jurisdiction is limited (*McDevitt* v. *Connell, 71 N. J. Eq.* 119), and section 68 of the District Court act (*Comp. Stat., p.* 1977) declares that "the practice of the Circuit Courts, in so far as applicable, shall apply to District Courts, excepting, however, in cases where there may be some express provision of law providing otherwise." And no doubt our courts of general jurisdiction have power to open judgments after the expiration of the term, in cases (among others) of fraud upon the court, or where the judgment was rendered after the death of a party, and also, by parity of reasoning, where rendered while the party was suffering from legal disability unknown to the court. See, upon this topic generally, *Binsse* v. *Barker, 13 N. J. L.* 263; *Alderman* v. *Diament, 7 Id.* 197; *Abrams* v. *Woods, 4 Id.* 30; *Bell* v. *Kelly, 17 Id.* 270; *McKelway* v. *Jones, Id.* 345; *17 Am. & Eng. Encycl. L.* (*2d ed.*) 827, 837. And the rule is that statutes limiting the time within which applications to set aside judgments and for new trials must be made do not cover such cases unless expressly made applicable thereto (*23 Cyc.* 907, 927), which is not so as to section 17 of the District Court act.

We, therefore, conclude that on application made by the administratrix of the defendant, the District Court has jurisdiction to open a "judgment by default" for the purpose of permitting a defense upon the merits, when, as here, it appears (1) that the defendant was insane at the time the summons was served upon him and continuously thereafter until his death, five days after the judgment was entered; (2) that the court was unaware of the defendant's disability;

(3) that the defendant made no appearance and was unrepresented, but, in fact, had a good and meritorious defense, and (4) that such action was taken before any rights of innocent third parties intervened and such application was made promptly after the existence of the judgment became known to such administratrix, although not made within thirty days after judgment.

Accordingly, the default judgment was rightly opened and the judgment thereafter rendered for the defendant will be affirmed, with costs.