[Civ. No. 8178.  First Appellate District, Division One.—March 5, 1932.]

MADS NIELSEN, etc., Appellant, v. M. L. EMERSON, as Trustee, etc., Respondent.

416

W. E. Most for Appellant.

Breed, Burpee & Robinson for Respondent.

THE COURT.—An action to quiet plaintiff's alleged title to certain real property described in the complaint as lot 24 in block 131 according to that certain map entitled Resubdivision of Block 131, as per Keller Berger's Map of Oakland, Alameda County, California, filed February 27, 1890, in the office of the county recorder of Alameda county.

The action was against M. L. Emerson as trustee under the last will and testament of B. Agnes Nielsen, deceased. Defendant trustee, after denying plaintiff's ownership, averred that plaintiff was estopped from maintaining the action by reason of a previous judgment in action number 90545 entitled "Mads Nielsen, plaintiff, *versus* M. L. Emerson and M. L. Emerson as trustee under the will of B. Agnes Nielsen, deceased, defendants", filed in the Superior Court of Alameda County, and which judgment was entered on October 8, 1928.

The court found in accordance with the allegations of the answer and rendered judgment against plaintiff, who has appealed therefrom.

The facts are as follows: On April 30, 1925, said B. Agnes Nielsen, who was plaintiff's wife, died, leaving a will, by which she bequeathed her estate, including the real property above described, to defendant M. L. Emerson, as trustee upon certain trusts set forth in the will, of which Emerson was also named as executor. Administration was had, and on July 20, 1926, the residue of the estate, including said real property with certain money in bank and other personal property, was distributed to defendant upon the trust so created. Both the will and the decree of distribution provided that the income from the trust estate be paid to plaintiff during his lifetime, and that upon his death the trust should end and the property vest in equal shares in defendant Emerson and a brother of the deceased. The

will also provided that if in the opinion of the trustee or the court it should be deemed advisable that plaintiff should have for his support and maintenance more than his personal earnings and the income from the trust estate, then in the discretion of either the trustee or the court such additional sum as might be necessary should be paid to him monthly for his support.

On August 17, 1926, plaintiff commenced said action number 90545 to enforce the trust above described, alleging that the property of said deceased had, by order of the court in the matter of her estate, been transferred and had come into the possession of the defendant as trustee under said will, that plaintiff was unable to work, and since the death of his wife had received interest on the money in bank but that the same was insufficient for his support; further, that the property of the trust was more than sufficient to pay an allowance of $100 per month, and prayed that said sum be paid monthly to him from the trust fund.

The answer denied that plaintiff was incapacitated or that the sum asked was reasonable; it set forth a description of the property, which it alleged to be the property of the trust, this consisting of the real property above described with the personal property mentioned, and that plaintiff had occupied the real property rent free with the consent of the trustee since the death of Mrs. Nielsen.

The court found that the estate consisted of the real and other property mentioned; that plaintiff ever since the death of his wife had by consent of the trustee occupied the real property rent free as the beneficiary under the trust; further that plaintiff was able to perform certain kinds of unskilled manual labor, and that ten dollars per month from the trust fund would be sufficient for his support. Judgment was entered that he recover from defendant trustee that amount per month payable from the trust fund.

A surviving husband who claims property in the possession of the executor of his deceased wife is not concluded by the decree of distribution entered in the matter of her estate as to the ownership of the property (*Estate of Rowland*, 74 Cal. 523 [5 Am. St. Rep. 464, 16 Pac. 315]; *Williams* v. *Williams*, 170 Cal. 625 [151 Pac. 10]); and while as a general rule a former judgment concludes the parties in all subsequent actions not only as to all

matters actually decided but as to all matters belonging to the subject of the controversy and properly within the issues which might have been decided (15 Cal. Jur., Judgments, sec. 189, p. 136; *Southern Pacific Co.* v. *Edmunds,* 168 Cal. 415 [143 Pac. 597]), in an action upon a different claim or demand the former judgment is only conclusive as to such issues as were essential to or shown to have been involved in the judgment (34 Cor. Jur., Judgments, secs. 1156, 1322, pp. 745, 911; *Lillis* v. *Emigrant Ditch Co.,* 95 Cal. 553 [30 Pac. 1108]; *Freeman* v. *Barnum,* 131 Cal. 386 [82 Am. St. Rep. 355, 63 Pac. 691]; *Horton* v. *Goodenough,* 184 Cal. 451 [194 Pac. 34]).

■ While the action here was not upon the same claim as that asserted in the former suit, nevertheless the question of the validity of the trust was necessarily involved and passed upon. Moreover, the title to the different items claimed by the estate was placed in issue and found upon by the court; and it appears that the plaintiff had with the trustee's permission been an occupant of the real property free of rent and as the beneficiary under the trust since his wife's death. The present case is not distinguishable in its essentials from *Silverston* v. *Mercantile Trust Co.,* 18 Cal. App. 180 [122 Pac. 976], which case is decisive here and sustains the conclusion of the trial court.

■ The further contention that plaintiff is not concluded by the former judgment because he was suing as a beneficiary under the trust and here as an individual, cannot be sustained, as both actions were to enforce an alleged individual right, and in neither was plaintiff suing in a representative capacity.

■ Nor is there merit in the claim that plaintiff having been declared incompetent before judgment was rendered in the former action and there having been no substitution of his guardian, the judgment was void. As held in the following cases, such a judgment is at most irregular and not void. (*Dunn* v. *Dunn,* 114 Cal. 210 [46 Pac. 5]; *Hogan* v. *Superior Court,* 74 Cal. App. 704 [241 Pac. 584].)

Other points are raised in plaintiff's brief, none of which have merit or require discussion.

The judgment is affirmed.