[L. A. No. 17343.   In Bank.   Feb. 20, 1942.]

MARGUERITE OLIVERA, as Administratrix, etc., Appellant, v. ROSALINE GRACE, as Administratrix, etc., et al., Respondents.

Harold M. Davidson, V. A. Morgan and Morgan & Davidson for Appellant.

Daniel A. Knapp for Respondents.

GIBSON, C. J.—The plaintiff brought this action as administratrix of the estate of Emilie Rust, deceased, to set aside a judgment rendered against Emilie Rust prior to her death. The judgment was in favor of defendant as administratrix of the estate of Hattie Haas in an action to reform a deed in which Hattie Haas and Emilie Rust were named as joint tenants. The plaintiff, Marguerite Olivera, and Hattie Haas were daughters of Emilie Rust, and the defendant, Rosaline Grace, is the daughter of Hattie Haas. After the death of Hattie Haas on April 23, 1936, the defendant obtained a default judgment against Emilie Rust which reformed the joint tenancy deed so as to provide for the conveyance of the fee to Hattie Haas and the conveyance of a life estate only to Emilie Rust.

Plaintiff brings this appeal from a judgment for defendant entered after an order sustaining a general and special demurrer to plaintiff's third amended complaint without leave to amend. The allegations of the complaint must therefore be regarded as true. Prior to March 21, 1933, Emilie Rust was the owner in fee simple of the real property involved in the present action. On or about that date she conveyed the property to John and Marie V. Zell, husband and wife, who immediately reconveyed it to Emilie Rust and Hattie Haas, as joint tenants. It is alleged that Emilie Rust sought legal advice in connection with these conveyances and determined upon that advice to provide for a joint tenancy between herself and her daughter.

During the year 1934, Emilie Rust sustained a serious head injury which resulted in a complete loss of mentality. The injury rendered her wholly devoid of understanding and incapable of transacting business of any nature. After the death of Hattie Haas, the defendant, as administratrix of her estate, commenced an action to reform the joint tenancy deed. Emilie Rust was personally served and upon her failure to appear in the action defendant secured a default judgment granting the relief sought. Plaintiff alleges that the defendant knew that Emilie Rust was incompetent prior to the commencement of the action and throughout its prosecution

but, notwithstanding such knowledge, failed to secure the appointment of a general guardian or a guardian *ad litem* for her and failed to inform the court of her condition. It is also alleged that before the commencement of the action defendant talked with the two men upon whose advice Emilie Rust had relied in making the joint tenancy deed, but that defendant failed to call either of these men as witnesses in the hearing held at the time the default judgment was rendered. The complaint alleges that the default judgment reforming the joint tenancy deed would not have been rendered if the court had been advised of Emilie Rust's mental condition and had heard the testimony of the two persons who advised her concerning the disposition of her property. On April 8, 1938, Emilie Rust was judicially declared to be incompetent and the plaintiff was appointed guardian of her person and estate. The default judgment entered on August 14, 1936, was not discovered by plaintiff until January 4, 1939, after the death of Emilie Rust and after plaintiff's appointment as administratrix of her estate. The present action to set aside the default judgment was instituted immediately thereafter.

Plaintiff argues that the complaint states a cause of action and consequently that the judgment must be reversed. It is contended that under the facts alleged the default judgment should be set aside either upon the ground that the court lacked jurisdiction over Emilie Rust for failure to make a proper service or upon the ground that the judgment was obtained by extrinsic fraud on the part of defendant which prevented a fair hearing of the case.

Courts frequently set aside judgments rendered against incompetent defendants where it is probable that injustice has resulted. (34 A. L. R. 221, *et seq.;* 39 L. R. A. 775; 35 L. R. A. [N. S.] 1090.) In determining the applicability of these cases to the present situation, however, it is necessary to consider the source of the authority under which relief was granted. In many states, including California, the general common law power that courts had to control their own judgments during the term at which they were rendered has been continued in the form of statutory authority. (*Wiggin* v. *Superior Court,* 68 Cal. 398, 400 [9 Pac. 646]; 31 Am. Jur. 268; 14 Cal. Jur. 1009.) Under such statutes the court which rendered the judgment has power, in its discretion

(*O'Brien* v. *Leach,* 139 Cal. 220 [72 Pac. 1004]; 31 Am. Jur. 267; 14 Cal. Jur. 1072), for a definite period of time and upon specified grounds to open, vacate or modify its own final judgment. (Code Civ. Proc., sec. 473; Code Civ. Proc., sec. 663; 31 Am. Jur,. 277.) Apart from statutory authority, all courts are said to have an inherent power to correct their records so as to make them speak the truth, and under this inherent power courts have frequently corrected their final judgments when, because of clerical errors or omissions, the judgments actually rendered were not the judgments intended to be rendered. (*Robson* v. *Superior Court,* 171 Cal. 588 [154 Pac. 8]; *Wiggin* v. *Superior Court, supra,* p. 402; *People* v. *Curtis,* 113 Cal. 68 [45 Pac. 180]; *Bastajian* v. *Brown, ante,* p. 209 [120 Pac. (2d) 9]; 14 Cal. Jur. 993, 1002, 1019.) Similarly, a court has inherent power, apart from statute, to correct its records by vacating a judgment which is void on its face, for such a judgment is a nullity and may be ignored. (*People* v. *Greene,* 74 Cal. 400 [16 Pac. 197, 5 Am. St. Rep. 448]; 126 A. L. R. 968; 31 Am. Jur. 298; 14 Cal. Jur. 1023, 1024.)

Many of the cases in which judgments against allegedly incompetent defendants have been set aside involved an exercise of the general common law power that courts possessed during the term at which the judgment was rendered, or the analogous power which now exists in many states by virtue of statutes similar to Code of Civil Procedure, section 473. (*Judd* v. *Gray,* 156 Ind. 278 [59 N. E. 849]; *Brothers* v. *Brothers,* 71 Mont. 378 [230 Pac. 60]; *Bucholz* v. *Harthun,* 61 N. D. 547 [239 N. W. 161]; *Bond* v. *Neuschwander,* 86 Wis. 391 [57 N. W. 54]; *cf. Farmers' & M. Bank* v. *Duke,* 187 N. C. 386 [122 S. E. 1, 34 A. L. R. 215].) These cases would·furnish persuasive authority if the attack upon the judgment sought to be set aside in the present action had been made under section 473, Code of Civil Procedure, but they cannot be relied upon to support an independent action in equity. Similarly, cases which depend upon special statutes enacted in certain states for the benefit of allegedly incompetent defendants are also unavailing in the present action. (*Montagne* v. *Cherokee County,* 200 Iowa 534 [205 N. W. 228]; *Watson* v. *Horner,* 178 Iowa 499 [159 N. W. 1032]; *Crawford* v. *Thomson,* 161 Ill. 161 [43 N. E. 617]; *cf. Abbott* v. *Ind. Acc. Comm.,* 12 Cal. App. (2d) 478, 480

[55 Pac. (2d) 927] ; *Western Pipe & Steel Co.* v. *Ind. Acc. Comm.,* 79 Cal. App. 215 [249 Pac. 34].)

In addition to the situations already discussed, where courts have set aside final judgments under statutory authority or under their inherent power to correct their own records, there exists a well-recognized jurisdiction in equity which has been utilized to relieve incompetent defendants from judgments taken under circumstances of unfairness and injustice. Equity's jurisdiction to interfere with final judgments is based upon the absence of a fair, adversary trial in the original action. ''It was a settled doctrine of the equitable jurisdiction—and is still the subsisting doctrine except where it has been modified or abrogated by statute . . . that where the legal judgment was obtained or entered through fraud, mistake, or accident, or where the defendant in the action, having a valid legal defense on the merits, was prevented in any manner from maintaining it by fraud, mistake, or accident, and there had been no negligence, laches, or other fault on his part, or on the part of his agents, then a court of equity will interfere at his suit, and restrain proceedings on the judgment which cannot be conscientiously enforced. . . . The ground for the exercise of this jurisdiction is that there has been no fair adversary trial at law.'' (5 Pomeroy, Equity Jurisprudence (Equitable Remedies [2d ed.]), pp. 4671, 4672.) Typical of the situations in which equity has interfered with final judgments are the cases where the lack of a fair adversary hearing in the original action is attributable to matters outside the issues adjudicated therein which prevented one party from presenting his case to the court, as for example, where there is extrinsic fraud (*Caldwell* v. *Taylor,* 218 Cal. 471 [23 Pac. (2d) 758, 88 A. L. R. 1194] ; *McGuinness* v. *Superior Court,* 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110] ; (1921) 9 Cal. L. Rev. 156; (1934) 23 Cal. L. Rev. 79; 15 Cal. Jur. 14, *et seq.*; 3 Freeman, Judgments [5th ed.], p. 2562, *et seq.*) or extrinsic mistake. (*Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317] ; *Sullivan* v. *Lumsden,* 118 Cal. 664 [50 Pac. 777] ; *Antonsen* v. *Pacific Container Co.,* 48 Cal. App. (2d) 535 [120 Pac. (2d) 148] ; 15 Cal. Jur. 23; 3 Freeman, Judgments [5th ed.], 2593, *et seq.*)

One who has been prevented by extrinsic factors from presenting his case to the court may bring an independent action in equity to secure relief from the judgment entered against him. (*Caldwell* v. *Taylor, supra; Purinton* v. *Dyson,*

8 Cal. (2d) 322 [65 Pac. (2d) 777, 113 A. L. R. 1230] ; *Dunlap* v. *Steere,* 92 Cal. 344 [28 Pac. 563, 27 Am. St. Rep. 143, 16 L. R. A. 361].) Where the court that rendered the judgment possesses a general jurisdiction in law and in equity, the jurisdiction of equity may be invoked by means of a motion addressed to that court. (*McGuinness* v. *Superior Court, supra; Crescent Canal Co.* v. *Montgomery,* 124 Cal. 134, 144 [56 Pac. 797] ; *Estate of Estram,* 16 Cal. (2d) 563, 571 [107 Pac. (2d) 36] ; *Ex-Mission L. & W. Co.* v. *Flash,* 97 Cal. 610, 631 [32 Pac. 600] ; *Cohen* v. *Home Life Ins. Co.,* 273 Mich. 469 [263 N. W. 857] ; *Home Life Ins. Co.* v. *Cohen,* 278 Mich. 169 [270 N. W. 256] ; *Jarman* v. *Saunders,* 64 N. C. 367 ; *Demilt* v. *Leonard,* 11 Abb. Prac. [N. Y.] 252.) In view of the foregoing cases, the statement in *Tinn* v. *U. S. District Attorney,* 148 Cal. 773 [84 Pac. 152, 113 Am. St. Rep. 354], to the effect that equity jurisdiction can be invoked only by means of an independent action, and not upon motion, is no longer an accurate statement of the law. In determining whether the complaint in the present proceeding states a cause of action, therefore, we may consider those cases in which equitable relief has been granted in favor of an incompetent defendant, whether the jurisdiction of equity was invoked by motion before a court of general jurisdiction or by an independent action in equity.

██ Plaintiff contends that the complaint states a cause of action upon the ground that the court was without jurisdiction. Emilie Rust, however, had not then been judicially declared of unsound mind, and no guardian had been appointed for her. Under such circumstances, it is settled that personal service upon the alleged incompetent is sufficient to give the court jurisdiction of her person (*Sacramento Sav. Bank* v. *Spencer,* 53 Cal. 737), and a judgment obtained against the incompetent under such circumstances is not void for want of jurisdiction. (*Dunn* v. *Dunn,* 114 Cal. 210 [46 Pac. 5] ; *Nielsen* v. *Emerson,* 121 Cal. App. 415, 418 [9 Pac. (2d) 260] ; 34 A. L. R. 221 ; 1 Freeman, Judgments [5th ed.], p. 882 ; 1 Black, Judgments [2d ed.], p. 302 ; Van Fleet, Collateral Attack, p. 654.)

██ Next, it is urged by plaintiff that the conduct of the defendant, Rosaline Grace, in taking a default judgment against her grandmother at a time when she knew, according to the allegations of the complaint, that the latter was incompetent constitutes extrinsic fraud which would justify a court

of equity in granting relief against the judgment so obtained. Defendant argues that no fraud was practiced upon Emilie Rust in the former action, because the concealment of information does not constitute fraud in the absence of a confidential relationship between the parties requiring disclosure. It is also urged that since Emilie Rust had not been judicially declared to be incompetent at the time of the former action, defendant could not have had knowledge of her incompetency, but, at most, could have had only an opinion respecting her capacity. Thus, defendant contends, there was no fraud that would justify the relief sought in the present action. This contention cannot be sustained. Incompetency which, as in the present case, is alleged to render a defendant wholly devoid of understanding and incapable of transacting business of any nature is a condition which exists independently of a judicial determination of that fact. Where the defendant is under such a legal disability and the plaintiff has knowledge of his condition, a duty rests upon the plaintiff to disclose such matters to the court and to have a guardian appointed for the purpose of the proceeding. (*Dunn* v. *Dunn, supra; Curtis* v. *Curtis,* 250 Mich. 105 [229 N. W. 622] ; *Home Life Ins. Co.* v. *Cohen, supra; Ammon* v. *Wiebold,* 61 N. J. Eq. 351 [48 Atl. 950] ; 1 Black, Judgments, *supra.*) If the plaintiff knows of the defendant's incompetency but conceals such information from the court and, to prevent a true adversary hearing, proceeds to a default judgment by taking advantage of defendant's condition, his conduct constitutes a fraud upon the court as well as upon the incompetent defendant. Since the direct effect of such concealment is to prevent the incompetent from presenting whatever defense he has to the court, it is clear that the fraud is extrinsic in nature. (*Cf. Flood* v. *Templeton,* 152 Cal. 148, 156 [92 Pac. 78, 13 L. R. A. (N.S.) 579] ; 15 Cal. Jur. 14, *et seq.*) If the other requirements for equitable relief are present, therefore, allegations such as those found in the present complaint are sufficient to state a cause of action in equity on behalf of the incompetent.

It should not be understood, however, from what has been said that fraud on the part of the plaintiff in the former action is essential to equitable relief in cases such as this. Where an adversary hearing has in fact been held, a cause of action for relief in equity can be stated upon the ground that extrinsic fraud prevented a *fair* adversary proceeding. In cases such

as the one here presented, however, where there has been no adversary proceeding at all, the right of the incompetent defendant to equitable relief may be established if the plaintiff's ignorance of defendant's legal disability prevented a true adversary hearing as well as where the plaintiff's fraud prevented such a hearing. Courts have granted such relief on behalf of incompetent defendants aside from the element of fraud on the part of the plaintiff if, in fact, no adversary hearing was held. (*Craddock* v. *Brinkley*, 177 N. C. 124 [98 S. E. 280]; *Godde* v. *Marvin*, 142 Mich. 518 [105 N. W. 1112]; *Lutter* v. *Neubauer*, 100 N. J. L. 17 [125 Atl. 113]; *Snyder* v. *Woolf*, 232 Ala. 87 [166 So. 803]; 34 A. L. R. 221.) Some courts, it is true, have referred to this situation as ''constructive fraud'' which entitles the incompetent defendant against whom a default judgment has been taken to relief in equity. (*Cunningham* v. *Wood*, 224 Ala. 288 [140 So. 351]; *Snyder* v. *Woolf, supra*.) We think it more accurate, however, to characterize such a situation as extrinsic mistake, which is a recognized ground for the intervention of equity where the mistake has prevented a fair adversary hearing. (*Bacon* v. *Bacon, supra*, p. 486; and cases cited above.) In *Winslow* v. *McCarthy*, 39 Cal. App. 337 [178 Pac. 720], it was held that a default judgment against an incompetent defendant should be set aside where the court failed to comply with section 372 of the Code of Civil Procedure which provides that an incompetent person must appear either by his general guardian or by a guardian *ad litem*. Relying upon *Crescent Canal Co.* v. *Montgomery, supra*, page 144, the court which rendered the judgment exercised its equitable jurisdiction upon motion to grant relief from a mistake which prevented the incompetent defendant from having a fair adversary trial. Thus, even if no actual fraud on the part of the defendant could be proved in the present action, the facts set forth are sufficient to justify the intervention of a court of equity if the other requirements for equitable relief can be established.

Finally, it is suggested by the defendant that the complaint fails to state a cause of action because it does not allege that a different result would have been reached if the interests of the incompetent had been properly protected. It is a general rule that equity will not interfere with a judgment which is unjust unless it appears that the one whose interests were thus infringed can present a meritorious case. (3 Freeman, *supra*, p. 2465, *et seq.*; 5 Pomeroy, *supra*, p. 4701;

15 Cal. Jur. 29.) The requirement that the complaint allege a meritorious case does not require an absolute guarantee of victory. (*Cf. McArdle Real Estate Co.* v. *McGowan,* 109 N. J. L. 595 [163 Atl. 24].) It is enough if the complaint presents facts from which it can be ascertained that the plaintiff has a sufficiently meritorious claim to entitle him to a trial of the issue at a proper adversary proceeding. It is here alleged that but for the conduct of the defendant the court in the former action would have considered the testimony of additional witnesses concerning Emilie Rust's intention in executing the original deed and would have reached a different conclusion. This is a sufficient allegation under the rule stated. Defendant argues that the testimony referred to would have been inadmissible, but that is a matter for the court to determine upon a trial of the issues. The complaint states a cause of action for relief in equity and the general demurrer should have been overruled.

The order of the court sustaining the general and special demurrer to plaintiff's third amended complaint does not indicate that it was based upon any of the grounds of uncertainty specified in the special demurrer. The parties have stressed only the question whether the complaint stated a cause of action. Under such circumstances and where the complaint is sufficient against a general demurrer, it has been held that the trial court ought not to sustain the special demurrer without leave to amend. (*Guilliams* v. *Hollywood Hospital,* 18 Cal. (2d) 97 [114 Pac. (2d) 1; *Payne* v. *Baehr,* 153 Cal. 441, 447 [95 Pac. 895] ; *Starr* v. *Slaney,* 11 Cal. App. (2d) 311, 314 [53 Pac. (2d) 395] ; 24 Cal. L. Rev. 604.)

The judgment is reversed.

Shenk, J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.