[L. A. No. 3818.    Department Two.—March 7, 1917.]

## J. H. SMITH, Appellant, v. CHARLES BRATMAN et al., Defendants; FRANK F. FISHER et al., Respondents.

DEFAULT JUDGMENT—FALSE RETURN OF PERSONAL SERVICE—TIME FOR MAKING MOTION TO SET ASIDE JUDGMENT.—A motion to set aside a default judgment not void upon its face, on the ground that it was based on a false showing of personal service of process, must be made within a reasonable time after its rendition. What is a reasonable time within which to make such a motion is the same time that is allowed for motions which are permitted under section 473 of the Code of Civil Procedure. A motion made within six months after the entry of the judgment is in time.

ID.—JUDGMENT SHOULD BE ANNULLED WITHOUT IMPOSITION OF TERMS. Such a motion is not made under section 473 of the Code of Civil Procedure, and if made in time, and the defendant's showing of nonservice of process on him is sufficient, he has an absolute right to have the judgment annulled without the imposition of any terms or conditions whatever.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a default and judgment. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Chas. S. McKelvey, for Appellant.

Conner, Heath & Maxwell, for Respondents.

LORIGAN, J.—The actual parties in this appeal are the same as in the case of *Smith* v. *Jones, ante,* p. 513, [163 Pac.

890], and a similar question is presented for consideration though under different circumstances.

Plaintiff brought suit against a large number of defendants to quiet his alleged title to several tracts of land in Los Angeles County, had summons issued therein, and thereafter an affidavit of one V. Mayer was filed in the action in which she swore that she had personally served Frank F. Fisher, one of the defendants in the action, with a summons and copy of the complaint therein in Los Angeles County on March 21, 1913. Subsequently, an affidavit of service by him of said process on another of the defendants in the action—Mrs. Robert Bowen—in the county of Los Angeles on March 25, 1913, was made by one George B. King, and filed. Thereafter, the defaults of these two defendants were entered and on May 9, 1913, a decree quieting the title of plaintiff to the property against both said defendants was entered. On September 15, 1913, on notice to the plaintiff, said defendants—Fisher and Mrs. Bowen—made a motion in the action in which the decree was entered to have it vacated and set aside on the ground that the affidavits of service upon them of summons and complaint in the action were false; that no service whatever had been made upon them; that, hence, the court had not acquired jurisdiction to pronounce a decree against them, and that the decree attempted to be pronounced was therefore void. In support of their motion said defendants each filed a separate affidavit. Mrs. Robert Bowen swore in her affidavit, made July 15, 1913, that she was the owner in fee of land described in the complaint and that she was a resident of Mesa, Maricopa County, Arizona, and that she had not been in Los Angeles County for four and a half years last past; that she had never been served with summons in said action in Los Angeles County, or anywhere else, and had no knowledge of the pendency of any such action until after the entry of the decree therein. Frank F. Fisher, in his affidavit, swore that for a number of years past he had been the owner of other property described in the complaint; that he had not been served on March 21, 1913, or at any other time, personally, or at all, in Los Angeles County, or elsewhere, with summons in said action; that he was not in the county of Los Angeles during the year 1913, but that during all of said year was without the state of California; that he knew

nothing of the pendency of said action until after the rendition of the decree therein.

The court granted the motion and set aside the decree as to both defendants. Plaintiff appeals.

As far as this appeal affected the respondent Mrs. Bowen we shall have no occasion to consider it, because pursuant to stipulation between her and the plaintiff, the appeal as to her was dismissed by order of this court. We shall therefore consider the order appealed from only as it affected the decree entered against the respondent Fisher.

It is not claimed by appellant but that the showing upon which the court made the order setting aside the decree was sufficient to warrant it in doing so. This being true, we perceive no legal ground which can be urged against the validity of that order. While it is well settled that a judgment which is not void upon its face (and the decree here was of that character) may not be set aside on motion unless made within a reasonable time, it is equally well settled that when the application to vacate and set aside a judgment is made within a reasonable time after its rendition, and is based upon a sufficient showing, it is within the power of the court, and it is its duty, to set it aside. What is a reasonable time within which to make such a motion has been clearly laid down in this state as being the same time that is allowed for motions which are permitted to be made under section 473 of the Code of Civil Procedure. While the motion here was not made under that section, but independent of it, as is pointed out in *Waller* v. *Weston*, 125 Cal. 201, [57 Pac. 892], which involved a similar motion, nevertheless, it is held that motions to set aside orders, decrees, or judgments which are not void upon their face, whether made under said section 473 of the Code of Civil Procedure, or not, must be made within six months, as provided in that section, after the entry of such order, judgment or decree. (*Estate of Eikerenkotter,* 126 Cal. 54, [58 Pac. 370]. See, also, *Norton* v. *Atchison, T. & S. F. R. Co.*, 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]; *People* v. *Temple,* 103 Cal. 447, [37 Pac. 414]; *Canadian etc. Trust Co.* v. *Clarita etc. Inv. Co.*, 140 Cal. 672, [74 Pac. 301].) It will be observed that the motion in this case was made within six months after the entry of the decree. It was, hence, made within time and a sufficient showing in the judgment of the trial court having been made to

warrant it, the order setting aside the decree must be sustained. (*Waller* v. *Weston, supra.*) It is insisted by appellant that the order is erroneous because the court should in granting the motion have imposed terms upon the respondent —the payment of the accrued costs in the action—citing *Heermanr* v. *Sawyer*, 48 Cal. 562. This authority has no relevancy. It relates to motions made solely under section 473 of the Code of Civil Procedure. Respondent was not proceeding in this motion under that section. He was not asking to be relieved on terms from some oversight or neglect on his part to appear to the action after service. He was asserting a right independent of statute; that he could not be deprived of his property by judgment or by decree entered against him without due process of law; and that as no service of process had been made upon him the court never acquired any jurisdiction to pronounce a decree against him. His application being made timely, and his showing of nonservice of process on him sufficient, he had an absolute right to have the judgment annulled without the imposition of any terms or conditions whatever. (*Waller* v. *Weston*, 125 Cal. 201, [57 Pac. 892].)

The order appealed from is affirmed.

Melvin, J., and Henshaw, J., concurred.