[Civ. No. 5625. First Appellate District, Division Two.—August 24, 1926.]

WESTERN PIPE AND STEEL COMPANY OF CALIFORNIA (a Corporation), v. INDUSTRIAL ACCIDENT COMMISSION and JOHN FITZGERALD, an Incompetent, etc., Respondent.

[1] WORKMEN'S COMPENSATION ACT — INCOMPETENCY OF INJURED EMPLOYEE—ISSUES—AWARD—RES ADJUDICATA.—Where, at the time of filing by the employer of an application to have the claim of an injured employee adjusted, and at the time of hearing thereon the injured employee is mentally incompetent, but the application does not allege either directly or indirectly any mental injury or put in issue the question as to the competency or incompetency of the employee, and, although the application is served on said employee personally, he is not represented by counsel, neither is he before the Industrial Accident Commission by guardian *ad litem* or general guardian, and the award of the Commission does not purport to adjudicate the question of his competency or incompetency, said award is not *res adjudicata* upon that issue.

[2] ID.—APPOINTMENT OF GUARDIAN—REOPENING OF CASE—STATUTE OF LIMITATIONS.—Where, subsequent to the making of said award, said injured employee is duly adjudged incompetent and a guardian *ad litem* is thereupon, for the first time, appointed, the Industrial Accident Commission has jurisdiction, upon the application of said guardian, to reopen the case and determine the disability, including the disability of mental incompetency, arising from the injury; and the time within which said guardian must make said application is limited only as from the date of said guardian's appointment.

(1) Workmen's Compensation Acts, C. J., p. 117, n. 58 New. (2) Workmen's Compensation Acts, C. J., p. 117, n. 58 New; 34 C. J., p. 292, n. 67.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Carroll S. Bucher and Thomas W. Slaven for Petitioner.

1. See 27 Cal. Jur. 499.

G. C. Faulkner, Courtney L. Moore and Grant H. Smith for Respondents.

STURTEVANT, J.—On the twentieth day of January, 1926, the defendant Commission made an award in favor of John Fitzgerald against the petitioner based on alleged injuries received by the said John Fitzgerald while in the employment of said company. Being dissatisfied with the award the petitioner applied for and was granted a writ of review.

For some time prior to the seventeenth day of February, 1920, John Fitzgerald had been employed by the petitioner. On the date last mentioned he met with an accident. On August 31, 1922, petitioner filed its application with the respondent to have the claim of Fitzgerald determined as to the nature, extent, and duration of his disability and the amount of compensation, if any, due the employee. On September 18, 1922, a hearing was had. On the twenty-seventh day of October, 1922, findings and award were entered. On the nineteenth day of August, 1924, Georgina G. Fitzgerald was duly appointed general guardian of John Fitzgerald by and under an order of the superior court of Contra Costa County. On the tenth day of January, 1925, as such guardian, she filed with the respondent her "Petition for reopening case on ground of new and permanent disability." On the eighth day of July, 1925, her said petition was denied. On the eighth day of August, 1925, she filed a petition for rehearing. That petition was granted August 8, 1925, and on the twentieth day of January, 1926, the findings and award were entered which the petitioner seeks to review.

[1] One of the points made by the petitioner is that at the time the guardian filed her first petition the respondent Commission had lost jurisdiction (Workmen's Compensation Act, sec. 20, subd. [d] [Stats. 1917, p. 850]), and that all proceedings had thereunder were in excess of jurisdiction. The respondent Commission replies that when the petition for adjustment of claim was filed on August 31, 1922, and ever since that date John Fitzgerald was an incompetent person and that the respondent Commission, in receiving and hearing and acting on the peti-

tions of Georgina G. Fitzgerald, was acting under the jurisdiction conferred on said Commission by section 11, subdivision (d), of the statute mentioned. As to that reply the petitioner answers that in its original petition the employer put in issue the question as to the competency or incompetency of the employee and evidence was taken on the subject and findings were made thereon and that the question was *res adjudicata* when on the tenth day of January, 1925, the said guardian sought to have said matters inquired into.

The original application was served on John Fitzgerald personally. It does not appear that a trustee or guardian *ad litem* was appointed by any authority and that the only representative appointed for the employee was Georgina G. Fitzgerald as hereinabove recited. In making its application for adjustment of claim the employer alleged "a question exists as to the nature, extent, and duration of disability." It was also alleged "That the following is a statement of particulars relative to this application: . . . . tissues of right foot removed . . . has been under treatment since date of injury. Total disability. 62 weeks. Partial to date." The employee filed no answer or pleading. The cause was heard by Edward O. Allen, referee, and was submitted to the Commission for its findings and award. The findings and award, in so far as pertinent to the question before us, contained the following:

" . . . 2. No disability sustained by defendant (John Fitzgerald) beyond that compensated under finding number 3 hereof was caused by said injury. 3. Said employee was a helper, 45 years of age, and said injury caused permanent disability consisting of limited motion of right ankle joint, as follows: dorsi-flexion 15 degrees less than right ankle; plantar flexion 7 degrees; marked loss of lateral motion; foot being held in partial inversion. The percentage of said permanent disability is 21, entitling him to $15.76 a week for 84 weeks, amounting to $1323.84, all of which has been paid. The foregoing weekly benefit is based upon wages of $4.64 a day for 5½ days a week.

*"Award*

"Award is made in favor of John Fitzgerald against Western Pipe and Steel Company of California of $1323.-84, all of which has been paid."

The petitioner calls to our attention finding number 2, and argues that the finding has the same meaning as though it were written, ''No disability sustained by defendant (to-wit, his incompetency) beyond that compensated under finding number 3 hereof was caused by said injury.'' We do not so understand the finding, but if it is to be so read it carries the petitioner too far. The award spoke as of the date of the filing of the application. If the award is to be read as the petitioner would have us read it, it then shows on its face that the Commission was entering an award against an incompetent person who had not been and was not represented by a guardian. The award would thus be self-destructive as it would show on its face that the rights of the employee had not been protected.

The petition above quoted did not allege directly or indirectly any mental injury. Nor did it allege that at the time the petition was filed John Fitzgerald was competent or incompetent, and if incompetent that his incompetency was caused or was not caused in whole or in part by the injury sustained by him. The findings as quoted are no broader than the petition. It is clear, therefore, that the award did not purport to adjudicate the competency or incompetency of John Fitzgerald as of the date of the filing of the petition, August 31, 1922, or of any other date. The question then arises, did Georgina G. Fitzgerald have the right, on January 10, 1925, to attack the award entered on October 27, 1922, and in making such attack to allege and prove, if she could do so, that John Fitzgerald was incompetent on the thirty-first day of August, 1922, when this petitioner filed its original application and that John Fitzgerald had remained incompetent and was incompetent on the date of the disputed award of January 20, 1926, and that such incompetency was caused by the said accident. These questions, we think, must be answered in favor of the respondent Commission. As we have just shown, there had not been any determination of the competency or incompetency of John Fitzgerald before his guardian filed her petition. Subdivision (d) of section 11 of the Workmen's Compensation Act [Stats. 1917, p. 842] provides as follows: ''If an injured employee, or in the case of his death, one or more of his dependents, shall be

under twenty-one years of age or incompetent at any time when any right or privilege accrues to such person under the provisions of this act, a general guardian, appointed by the court, or a guardian *ad litem* or trustee appointed by the commission or a commissioner may, on behalf of any such person, claim and exercise any such right or privilege with the same force and effect as if no such disability existed; and no limitation of time provided by this act shall run against any such person under twenty-one years of age or incompetent, unless and until such guardian or trustee is appointed. The commission shall have power to determine the fact of the minority or incompetency of any injured employee and may appoint a trustee to receive and disburse compensation payments for the benefit of such minor or incompetent and his family."       .

[2]   A glance at the section indicates that its provisions are for the protection, in the one instance, of the employer, and, in the other instance, of the employee. If the employer has the least doubt as to whether the employee has become incompetent, without regard to whether such incompetency arose before the accident, or was caused by the accident, or arose after the accident, he may have a guardian *ad litem* appointed. Having done so he will be able to protect any subsequent award from an attack that the proceedings were brought by or against an incompetent person who was not properly represented in court. To the end that the employee may be fully protected, provision is made that when it is claimed that he is incompetent the Commission is authorized and directed to appoint a guardian *ad litem* to the end that the employee may be properly represented in court and that his cause may be fully and completely presented. A guardian having been appointed, the statute provides that such guardian "may, on behalf of any such person (the employee), claim and exercise any such right or privilege with the same force and effect as if no such disability existed . . . " The time within which he must act is by the terms of the statute limited only as from the date of the guardian's appointment.

In 34 C. J., page 292, section 506, it is said: "Legal disability, such as . . . insanity, of a party against whom a judgment is improvidently rendered without regard to

such disability, is ground for opening or vacating such judgment." The same question has been directly adjudged in this state. (*Winslow* v. *McCarthy,* 39 Cal. App. 337 [178 Pac. 720].) The same principle was involved, although the ground of attack was for some other irregularity in a large number of other cases. (*Smith* v. *Bratman,* 174 Cal. 518 [163 Pac. 892], and cases cited.) In the case entitled *Estate of Ross,* 140 Cal. 282, at page 287 [73 Pac. 976, 977], Mr. Justice' Lorigan, speaking for the court, said: "Courts are always inclined to be liberal in relieving parties laboring under a disability from the effect of a decree which appears to be unjust, and which deprives a party of his rights, and the lower court is warranted in vacating . it upon diligent application and a reasonable showing.". In the instant case the question of diligence is covered by the provisions of the statute, "no limitation of time provided by this act shall run against any such person under twenty-one years of age or incompetent, unless and until such guardian or trustee is appointed." As to a reasonable showing, it is sufficient to state that the showing was full and complete. In section 11, subdivision (d), at least the same power vested in the respondent Commission.

Assuming the law to be as stated above, on January 20, 1926, the respondent Commission, after a full hearing, made its findings and award as follows:

"1. At the time of filing application herein by the Western Pipe and Steel Company of California, applicant above named, on August 31, 1922, and at the time of hearing held herein on September 18, 1922, and of issuance of Findings and Award herein on the 27th day of November, 1922, the defendant above named, John Fitzgerald, was mentally incompetent.

"2. In the proceedings had before this Commission during the year 1922, defendant was not represented by counsel, nor was he properly before the Commission represented by a guardian *ad litem* properly authorized and appointed by order of any court in this state.

"3. The Findings and Award issued by this Commission on the 27th day of October, 1922, are therefore void and of no effect and are not an adjudication of the rights of the parties herein.

"4. By a proceeding regularly filed and had before the Superior Court of the State of California in and for the County of Contra Costa on the 19th day of August, 1924, defendant above named was adjudged to be an incompetent person and Georgina G. Fitzgerald, his sister, was duly and regularly appointed as his guardian *ad litem*. Said defendant now appears in this proceeding through his regularly appointed guardian *ad litem*, Georgina G. Fitzgerald.

"5. John Fitzgerald, defendant, while employed as a helper on February 17, 1920, at Richmond, California, by applicant Western Pipe and Steel Company of California, sustained injury occurring in the course of and arising out of his employment as follows: his right foot was accidentally caught in a drum. At said time the employer and the employee were subject to the provisions of the Workmen's Compensation, Insurance and Safety Act of 1917.

"6. Said employee was a helper, 45 years of age, and said injury caused permanent disability consisting of limited motion of right ankle joint, chronic incurable ulcer on the heel and mental incompetency, causing total disability. The percentage of said permanent disability is 100, entitling him to $15.76 a week for 240 weeks, amounting to $3782.40, and to the further sum of $9.70 a week beginning with the 1st day of October, 1924, for the rest of his life. Amount accrued to the 12th day of January, 1926, is $4432.30. Payments therein $1323.84. Balance due as of said date $3108.46.

"The foregoing weekly benefit is based on wages of $4.64 a day for employment 5½ days a week.

"7. It is the judgment of this Commission that the whole amount of said benefit should be paid directly to Georgina G. Fitzgerald for the support of said incompetent John Fitzgerald to be received by her in her own right and disbursed in her discretion for such purpose.

"8. The defendant's attorney is entitled to a lien against the unpaid compensation for the reasonable value of services in the sum of $75.

*"Award.*

"Award is therefore made in favor of John Fitzgerald against Western Pipe and Steel Company of California of the sum of $3108.46, payable to Georgina G. Fitzgerald,

defendant's guardian *ad litem*, less $75.00 payable to
Courtney Moore, defendant's attorney, and the further
sum of $9.70 a week beginning the 13th day of January,
1926, for the remainder of his life.''

We find no error in the record. The award is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by petitioner to have the cause heard in the
supreme court, after judgment in the district court of
appeal, was denied by the supreme court on October 22,
1926.