[Civ. No. 5567.   Third Appellate District.—March 16, 1936.]

WILLIAM ABBOTT, an Insane Person, etc., Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Warren H. Atherton for Petitioner.

Everett A. Corten for Respondents.

THOMPSON, J.—This is a petition for a writ of *certiorari* to review an order of the Industrial Accident Commission refusing to reopen an award of compensation for injuries received in the course of employment. The application to reconsider the award was made on the ground of new and further disability resulting in the permanent insanity of the employee. The application was denied on the ground of laches, more than three years having elapsed after the appointment of a guardian before the rehearing was sought.

William Abbott was employed by the Southern Pacific Company at Sacramento. February 23, 1929, he received slight head and chest injuries in the course of his employment while handling a sheet of steel-plate. The company was self-insured. Upon application therefor the commission adopted findings and made an award in favor of the claimant December 30, 1929, for "temporary partial disability" of $5.93 per week while the disability lasted. A petition for rehearing was denied February 28, 1930. On petition therefor and after formal hearing the commission made an order terminating the liability of the company from and after December 24, 1930. Pursuant to a petition therefor the commission subsequently approved an agreement between the parties to compromise the claim for liability in consideration of the payment of a further sum of $725. April 10, 1931, the claimant received the last-mentioned sum of money and executed a release from all further liability of the company on account of the injuries sustained. March 24, 1932, he was adjudged to be insane and committed to the state hospital for the insane at Stockton, where he still remains. Upon proceedings, this petitioner, Walter B. Abbott, was appointed and qualified July 15, 1932, as guardian of the estate of the claimant William Abbott, an insane person. October 5, 1935, the guardian first petitioned the commission to reopen the proceedings and award the claimant additional compensation for new and permanent disability, to wit, insanity which resulted about February 23, 1929, from the

injuries sustained. It was alleged the former proceedings were void on account of the incompetency of the claimant, who was not represented therein either by counsel or by a guardian. This application was denied by the commission October 10, 1935. A petition for rehearing of the last-mentioned application was also subsequently denied. The present petition for a writ of review was then filed in this court.

The only question which is involved in this proceeding is whether the petitioner was barred from maintaining his application to reopen the award of the Industrial Accident Commission for compensation in his behalf for new and further disability on the ground of the alleged insanity of the claimant by failing to file the petition within statutory or a reasonable time after the appointment of his guardian. Three years, two months and twenty days elapsed from the qualification of the guardian of the claimant before the petition to reopen the proceedings before the commission was filed. We are of the opinion this lapse of time constituted a lack of diligence and that the petitioner is therefore barred from maintaining the proceeding to reopen the award of the commission.

The legal disability of a claimant caused by insanity who appears before a judicial tribunal without counsel or a guardian and against whom a judgment or decree is improvidently rendered on that account is a ground for vacating or reopening the judgment or decree. (*Western Pipe & Steel Co. of California* v. *Industrial Acc. Com.*, 79 Cal. App. 215 [249 Pac. 34].) That application, however, must be made with due diligence and within a reasonable time after the petitioner is restored to competency or after a guardian is appointed to represent him.

The petitioner contends that section 11, subdivisions (c) and (d) of the Workmen's Compensation, Insurance and Safety Act of California (Stats. 1917, p. 831, and amendments thereto), entitled him to file his petition for new and further disability at any time within 245 weeks from the time of the appointment of the guardian. We believe the statute does not bear that construction. These subdivisions of section 11, upon which the petitioner relies, read in part:

"(c) The payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be com-

menced, six months from the date of the agreement or last payment of such compensation, or any part thereof, or the expiration of the period covered by any such payment; provided, however, that nothing contained in this section shall be construed to bar the right of any injured employee to institute proceedings for the collection of compensation within two hundred forty-five weeks after the date of the injury upon the grounds that the original injury has caused new and further disability; and the jurisdiction of the commission, in such cases, shall be a continuing jurisdiction at all times within such period.

"(d) If an injured employee, or in case of his death, one or more of his dependents, *shall be* under twenty-one years of age or *incompetent at any time when any right or privilege accrues* to such person under the provisions of this act, *a general guardian,* appointed by the court, or a guardian *ad litem* or trustee appointed by the commission or a commissioner *may,* on behalf of any such person, *claim and exercise any such right or privilege,* with the same force and effect as if no such disability existed; *and no limitation of time provided by this act shall run against any such person* under twenty-one years of age or *incompetent unless and until such guardian or trustee is appointed. . . .* "

It will be observed from that portion of the preceding subdivision which we have emphasized by italicizing the language that the 245 weeks which are allowed for presenting to the commission a claim for "new and further disability" does not begin to run from the time of the appointment of his guardian. The act provides that "no limitation of time . . . *shall run* against any such person . . . unless and until such guardian or trustee is appointed". This language means that the limitation of time within which the claim may be made shall not "run out" or expire until after the guardian has been appointed. If the legislature had intended to provide that in the event of incompetency the claimant shall be entitled to 245 weeks after the appointment of a guardian within which to file his claim, it could have very easily and definitely so declared by saying that "no *limitation* of time . . . shall *begin* to run" until after the appointment of the guardian. The very use of the term *"limitation* of time" which appears in the preceding statute implies that the expiration of the period of time for filing the claim was not to

run or terminate until the guardian was appointed after which a reasonable time would be allowed in which to make his application. It would seem to be unreasonable to hold that an employee would be entitled to 245 weeks, or four years, nine months and one week, in which to file his claim for new and further disability after the appointment of a guardian regardless of when his incompetency developed. The facts of the present case illustrate the unreasonableness of such construction. The claimant was not adjudged incompetent until three years after his accident occurred. In the meantime he was repeatedly examined and he was allowed compensation. His disability was determined to have terminated. A subsequent payment of $725 was approved and he signed a receipt therefor and a complete release and satisfaction of all claims on account of his injuries. His guardian was then appointed, after which three years and three months elapsed before the present claim was filed. In other words, six years and seven months passed after the accident occurred before the claim for compensation for further disability was made. The 245 weeks "after the date of the injury" expired October 28, 1933. To hold that the employee was entitled to 245 weeks in addition thereto would certainly discourage the exercise of diligence and render it very difficult to secure legitimate evidence to rebut a claim on account of the possible death or absence of material witnesses. In view of the language employed in the statute we are satisfied the legislature did not intend to confer such an unreasonable time in which to file the claim.

The respondent asserts that the reasonable time within which such a claim may be filed for compensation for further disability in the event of the incompetency of the employee is fixed by statute at six months after the appointment of the guardian. There may be some uncertainty regarding the application of that statute and it is unnecessary for this court to determine that question. We are satisfied that under the circumstances of this case the lapse of three years and three months after the appointment of the guardian before the claim for further disability was filed is not reasonable, and that his claim was barred and the petition was therefore properly denied.

In the case of *Gouanillou* v. *Industrial Acc. Com.*, 184 Cal. 418 [193 Pac. 937], the claimant who was a minor was not

represented by a guardian in the proceeding to secure compensation for injuries sustained by her in the course of her employment. She petitioned for a rehearing thereof, which was denied. Two days after the hearing was terminated she reached the age of twenty-one. Within six months thereafter her petition for a rehearing was filed. The court there held that:

"The right of a minor to disaffirm an adjudication of his rights by a judicial tribunal obtained in a proceeding in which he has not been duly represented as provided by law continues *until barred by laches* after the minor has attained the age of majority. . . . Therefore, if the employee was a minor, under the terms of the Workmen's Compensation Act, at the time of the first application and hearing, since she was not represented therein by a guardian, she had the right, incident to minority, of disaffirming the award of the commission rendered in such proceeding *within a reasonable time after reaching the age of majority.*"

This rule was also announced in the case of *Fogarty* v. *Industrial Acc. Com.*, 206 Cal. 102 [273 Pac. 791]. The rule with respect to the limitation of time within which a minor may apply to the commission for compensation for further disability is also made applicable to incompetent persons under the provisions of section 11, subdivision (c) of the Workmen's Compensation Act.

The case of *Western Pipe & Steel Co. of California* v. *Industrial Acc. Com.*, 79 Cal. App. 215 [249 Pac. 34], upon which the petitioner relies in support of his contention that he is entitled to 245 weeks from the time of the appointment of the guardian in which to present his claim may be readily reconciled with the preceding authorities and the construction which we have heretofore placed upon the statute. In that case Fitzgerald was injured in the course of his employment. On August 31, 1922, his application for compensation was filed with the commission. October 27, 1922, an award was made in his behalf. Subsequently he became incompetent. August 19, 1924, a guardian of his estate was duly appointed. January 10, 1925, his guardian applied to the commission to reopen the proceedings to secure additional compensation for "new and permanent disability". That petition was granted and he was awarded additional compensation. Upon application for a writ of *certiorari* that award was

affirmed. The court said that it was a question as to whether the petitioner had exercised diligence in seeking to reopen the proceedings. In determining that the petitioner had acted with due diligence, the court merely said, "In the instant case the question of diligence is covered by the provisions of the statute." The court then quoted subdivision (c) of section 11 of the Workmen's Compensation Act, and does say "The time within which he must act is by the terms of the statute limited only as from the date of the guardian's appointment." But it will be observed the court does not say what that limitation of time consists of. The opinion does not state that the claimant is entitled to 245 weeks after the appointment of the guardian within which to petition for a rehearing. It will be observed that the petition was filed in that case in just four months and twenty-one days after the appointment of the guardian. Unquestionably that was an exercise of due diligence, whether the correct construction of the statute of limitations under such circumstances limits the time to six months from the appointment of the guardian, or allows merely a reasonable time thereafter to be determined by the circumstances of each particular case.

For the reason that the petition to reopen the proceedings before the commission in the present case was not filed until more than three years had elapsed after the appointment of the guardian, we are of the opinion the remedy was barred for lack of diligence and the petition was therefore properly denied.

The order is affirmed.

Pullen, P. J., and Plummer, J., concurred.