[No. 2,762.]

## O. P. GALE *v.* THE TUOLUMNE COUNTY WATER COMPANY.

GROUNDS OF SPECIAL DEMURRER.—Grounds of special demurrer which were not presented in the Court below, will not be considered in the Supreme Court.

CONFLICTING EVIDENCE.—Where there is a substantial conflict in the evidence the judgment will not be disturbed on appeal.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

This was an action to restrain the defendant from diverting the natural waters of Mormon Creek, and for damages for a diversion of those waters from a mining ditch owned by the plaintiff. The complaint, which was filed February 15th, 1870, alleges: " That heretofore, to wit: May 1st, A. D. 1867, plaintiff was, is now, and has been for a long time previous, to wit: for about seventeen years, the owner of and in the quiet and peaceable possession of a certain water ditch situated in the County of Tuolumne aforesaid, and which commences on Mormon Creek, above the Illinois Ranch, and

extends to Jackson Flat, Tuttletown, and Jackass Hill, and vicinity, and is commonly known as the 'Jackson's Flat Ditch,' and as the 'Gale Ditch.' Plaintiff further states that he uses said ditch for the purpose of conveying water from Mormon Creek to Jackson's Flat, Tuttletown, and Jackass Gulch, for the purpose of selling water to miners, and for the purpose of irrigation and other useful and beneficial purposes, and that the capacity of said ditch is four hundred inches of water. Plaintiff further states that at the time said ditch was constructed his grantors appropriated the water of Mormon Creek to the full capacity of his ditch, and that they were the first appropriators of said water to the amount of said four hundred inches, and that plaintiff, or his grantors, have been in the quiet and peaceable possession of said water from the original construction of said ditch to the present time, until the acts of defendant hereinafter complained of, and that they have enjoyed the use of said water without let or hindrance of any person whatever, and that said ditch and water right is of great value to this plaintiff. Plaintiff further states that the natural water of Mormon Creek, during the driest portion of the year, is not less than one hundred and thirty inches, to the best of his knowledge and belief, and that for six months during the rainy season in ordinary years, and since the 1st day of May, 1867, there is and has been sufficient water in said creek to supply plaintiff's ditch, if it had not been interfered with."

To this complaint the defendant demurred, alleging it to be "ambiguous, uncertain, and unintelligible in this: that it is impossible to tell from the complaint whether plaintiff claims ownership and possession of the property described in the complaint for seventeen years prior to 1867, or for seventeen years prior to the filing of the complaint in this action; and in this: that said complaint does not state what amount of water plaintiff's grantors appropriated at the time of the construction of plaintiff's ditch ; nor does it state

when plaintiff's grantors appropriated four hundred inches of the water of said Mormon Creek for the use of plaintiff's ditch; nor does it state how much of the waters of said creek plaintiff or his grantors have been in the possession of since the construction of said ditch; and in this: that it is impossible to tell from the complaint whether plaintiff means to say that since May, 1867, there has been continuously water enough in said creek to supply plaintiff's ditch, if it had not been interfered with, or whether he means to say that for six months in each year during said period there has been water enough to supply said ditch, if it had not been interfered with."

The demurrer was overruled. The case was tried by the Court without a jury, and judgment was rendered for the plaintiff. The defendant moved for a new trial, and the motion having been overruled, he appealed.

*S. W. Sanderson,* for appellant, argued that the complaint was ambiguous as to the date of the appropriation of the waters of Mormon Creek by plaintiff's grantors, and as to the amount of water which was appropriated, and cited *Ricks* v. *Reed,* 19 Cal. 551, 576; *Nevada Water Co.* v. *Powell,* 34 Cal. 109; *Butte Canal and Ditch Company* v. *Vaughn,* 11 Cal. 143; *McKinney* v. *Smith,* 21 Cal. 374. He also argued, that there was no such substantial conflict in the evidence as would preclude a reversal of the order denying a new trial, and cited *Rice* v. *Cunningham,* 29 Cal. 492; *Lyle* v. *Rollins,* 25 Cal. 437; *Wilson* v. *Cross,* 33 Cal. 60.

*Caleb Dorsey,* for respondent, cited *Bols* v. *Neifenbach,* 16 Cal. 144, and argued that there was a substantial conflict in the evidence.

By the Court, WALLACE, C. J.:

1. The complaint is sufficient as against the demurrer

interposed. The argument upon objections amounting to grounds of special demurrer merely, and which were not presented below, will not be considered here.

2. Upon examination of the record it is apparent that the findings of fact are supported by the evidence. The most that can be fairly claimed by the appellant in this regard is, that upon some of them the evidence is substantially conflicting, and we may add, that in our judgment, the great preponderance of the evidence in the case is in favor of the findings of the Court; but however this may be, there is clearly such a sufficiency of evidence in support of the findings that we must decline to disturb them.

Judgment and order denying a new trial affirmed.

Neither Mr. Justice RHODES nor Mr. Justice CROCKETT participated in this opinion.