[Filed April 6, 1891.]

## VOLNEY HEMENWAY *v.* I. M. FRANCIS.

PLEADING — EJECTMENT — ANSWER. — In an action of ejectment, if the defendant does not defend for the whole of the property, under section 319, Hill's Code, the answer must specify for what particular part he does defend. An answer which does not plead the ultimate fact upon which the defendant relies, but sets up the evidence of such fact, is defective, but if no objection be taken thereto until after verdict and judgment, and then only on appeal to the supreme court, such answer will be held sufficient.

PLEADING — ANSWER — MOTION FOR NEW TRIAL. — The sufficiency of an answer is not raised by a motion for a new trial, but may be by a motion for judgment, notwithstanding the verdict, if the objection has not been taken by demurrer.

EJECTMENT — ANSWER — SPECIFICATION OF THE PART FOR WHICH DEFENDANT DEFENDS. — In an action of ejection, a specification in defendant's answer of the part for which he defends, which describes it as "about 120 acres of said land,— the farming land on the north side of the county road,— with the buildings thereon," is very indefinite and would be held insufficient if properly objected to before trial, but after verdict and judgment, on objection in the supreme court for the first time, it must be intended that the proper evidence was introduced upon the trial to identify the land.

Lane county: M. L. PIPES, Judge.

Plaintiff appeals. Affirmed.

This is an action to recover real property. The complaint describes a number of tracts and parcels, some by legal subdivisions and others by courses and distances, and it is alleged that the defendant is in possession and unlawfully holds all of the real property described in the complaint. The complaint contains the other necessary allegations under the statute. The answer admits the ownership of said property, but denies that the defendant wrongfully withholds the possession of said real property, or any part thereof, or that the plaintiff is thereby damaged $100 or

any sum. For a further defense the answer alleges: "That on the 4th day of August, 1890, said plaintiff leased to the defendant about 120 acres of said land,— the farming land on the north side of the county road, with the buildings thereon,— for the term of one year, with the privilege to keep on said premises one span of mares, three colts, one yearling, and two cows, and the further privilege to keep upon the said premises described in plaintiff's complaint ten head of cattle the coming winter for two or three months, if defendant so desired, and the use of the granary on the south side of said road." Other terms of the lease are also stated. The answer then alleges: "That plaintiff was to continue in the use of said premises described in complaint, except the said farming land aforesaid, the description of which is not known to the defendant, and the plaintiff has had and now has and had at the commencement of this action all of said land described in the complaint in his possession except the said 120 acres aforesaid; that the defendant is now in the lawful possession of the said 120 acres, and claims to hold the same by virtue of said lease, and has had no notice to quit." Defendant further alleges that he was a tenant of said plaintiff, and had said land rented at the time of said lease. The reply denied the new matter in the answer.

The cause was tried before a jury and the following verdict returned: "We, the jury, find the defendant entitled to the possession of the 120 acres of land described in his answer in the above entitled cause, by virtue of the parol lease mentioned therein," upon which a judgment was duly entered for the defendant according to the verdict, from which this appeal is taken.

*A. C. Woodcock,* and *L. Bilyeu,* for Appellant.

A verdict does not supply any fact omitted from the pleading, though it establishes every reasonable inference that can be drawn therefrom. (*Bingham* v. *Kern,* 18 Or. 201.)

Such a description of the land in defendant's answer as would enable the court to render defendant judgment for the possession thereof is a material fact to be alleged in the

answer and the verdict. There can be no intendment after verdict that could cure the defects in this cause, for the reason that the parties are bound by the description of the land as it appears on the record. (*Jackson* v. *Lodge,* 36 Cal. 28; *Gale* v. *Tuolumne W. Co.* 44 Cal. 43.)

*George B. Dorris,* for Respondent.

The uncertainty in the description of defendant's estate, if any, should have been pointed out by demurrer in the court below and was waived by pleading over. (*McKay* v. *Freeman,* 6 Or. 449.)

The appellant's attorney having failed to demur, or to file a motion to make definite and certain, and having replied and gone to trial, every reasonable intendment should be given in favor of the judgment. (*Osborn* v. *Graves,* 11 Or. 526; *Jackson* v. *Jackson,* 17 Or. 110.)

The defect, if any, is cured by verdict. (Stephen on Pleading, 147; *People* v. *Rains,* 23 Cal. 128; *Garner* v. *Marshall,* 9 Cal. 268.)

Less particularity is required when the facts lie more in the knowledge of the opposite party than in the party pleading. (Stephen on Pleading, 369.)

The reason for the rule of certainty, required by section 318, Hill's Code, "that possession may be delivered, if a recovery be had," does not exist in this case, because defendant is in possession of the 120 acres, and a writ of restitution is not required.

STRAHAN, C. J.—There is but a single question presented on this appeal, and that is the sufficiency of the defendant's answer. The special point of objection is, that the defendant only defends as to part of the land described in the complaint, and as to that part it is not described with sufficient certainty. Section 319, Hill's Code, though relating to the answer in this class of actions, does not undertake to prescribe all that an answer shall contain. The defendant's answer must, therefore, be governed by the general rules of pleading prescribed by the Code, and in addition thereto must comply with section 319. That section requires that

if the defendant does not defend for the whole of the property he shall specify for what particular part he does defend, and the question is, whether or not the answer in this case contains such specification. The answer does not conform in any respect to the general rules of Code pleading. It does not state the ultimate fact upon which the defendant relies. Instead of pleading that he was in possession under an unexpired lease from the plaintiff to defendant, giving the duration of the estate created by the lease, the defendant has undertaken to plead the evidence of such right, or the terms of the lease by which such right was created. If objected to at the proper time, no doubt the court would have caused the answer to be corrected, but no objection was made to the answer until after verdict, and then only by way of a motion to set aside the verdict and grant a new trial. A defect in the answer was no cause for granting a new trial. (Hill's Code, § 235.) But for a defect in the answer that the facts stated do not constitute a defense to the plaintiff's cause of action, and such objection has not been taken by demurrer, the plaintiff may have judgment notwithstanding the verdict, and the same rights are secured to the defendant in like case where the complaint is fatally defective. (Hill's Code, § 266.) But this motion was not made. The part of the premises described in the complaint for which respondent defends as specified in the answer is "about 120 acres of said land,—the farming land on the north side of the county road, with the buildings thereon." This is a very indefinite description, but the plaintiff omitted to object to it before trial, and after verdict and judgment, for the purpose of upholding the same, we must intend on objection made in this court for the first time that the proper evidence was introduced upon the trial to satisfy the jury of the location and identity of this piece of land. The fact of the leasing was passed upon by the jury, and when no error is shown to have intervened at the trial prejudicial to the rights of the appellant, we do not think we are required to interfere. Counsel for appellant have cited *Jackson* v. *Lodge,*

36 Cal. 28, and *Gale* v. *Tuolumne County Water Company*, 44 Cal. 43, but we have examined those cases and they do not support or tend to support counsel's contention.

It follows that there is no error in the judgment appealed from, and the same must be affirmed.