[S. F. No. 2056. Department Two.—June 20, 1902.]

## JULIA KIPPEN et al., Respondents, v. LAWRENCE OLLASSON, Appellant.

VICIOUS ANIMAL—ACTION FOR INJURIES—SUPPORT OF VERDICT.—In an action to recover for injuries occasioned by the bite of a dog owned by the defendant, where the evidence sufficiently established that the dog was vicious, and that the owner knew it, and that the plaintiff was seriously injured from the bite, a verdict for the plaintiff was justified by the evidence.

ID.—INJURY TO SINGLE WOMAN—MISJOINDER OF HUSBAND—ABSENCE OF SPECIAL DEMURRER—WAIVER.—When the complaint shows that the injury was sustained by a single woman, who was married before the action was commenced, the objection to a misjoinder of the husband with her as a party plaintiff is ground only of special demurrer, and is waived in the absence of such demurrer, and cannot be considered for the first time upon appeal.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Joseph H. Skirm, for Appellant.

Carl E. Lindsay, for Respondent.

HENSHAW, J.—The action was to recover for injuries occasioned to the person of plaintiff by the bite of a dog

owned by defendant. The propositions to be established in such a case are,—1. That the animal was vicious; and 2. That the owner knew it. Both of these propositions were, upon sufficient evidence, proved to the satisfaction of the jury. It was shown by defendant's own testimony, as well as by the testimony of others, that previous to this occurrence the dog had attacked one Herbert Burton, biting him, tearing his trousers, and injuring his leg. Defendant testifies: "I saw him when he did it, and I paid him for the pants." Burton had expostulated with the owner and told him he ought to kill the dog. The dog likewise attacked another witness, Mrs. Horace Coos, upon the premises of the defendant, and tore her clothes. Defendant's daughter testified: "Mrs. Coos was coming to the house. She was in the front yard. I did not see her. I heard her child crying. I opened the door and she was standing near the dog." In the case at bar the plaintiff stood in the county road in front of defendant's house and called to the defendant's daughter, with whom she was going blackberrying. She did not enter the yard, because she knew the dog was vicious. The dog, tied in the yard near the house, broke his tether, rushed out into the road, attacked the plaintiff, and bit her upon the leg, injuring her severely. The evidence justified the verdict. The instructions were within the law as laid down in *Laverone* v. *Mangianti,* 41 Cal. 138;[1] *Finney* v. *Curtis,* 78 Cal. 501; *Clowdis* v. *Fresno Flume etc. Co.,* 118 Cal. 320.[2] The complaint shows that at the time the damages were inflicted upon plaintiff she was a single woman. Before the commencement of the action she married, and at the time of the commencement of the action was the wife of Hugh Kippen. The action is prosecuted in the name of herself and her husband. It is insisted that the right of action was the separate property of the wife, and that the judgment, which is jointly in favor of herself and her husband, cannot stand. It is plain that defendant cannot be injured by the fact that the judgment is joint, since its satisfaction relieves him of all liability upon the cause of action. But the complaint sufficiently discloses the facts, and it was open to defendant to raise the question of misjoinder of parties by demurrer. Having failed so to do, his contention, which amounts to no more than

---

[1] 10 Am. Rep. 269, and note.    [2] 62 Am. St. Rep. 238.

a ground of special demurrer, will not now be considered. (*Gale* v. *Tuolumne County Water Co.,* 44 Cal. 43; *Roberts* v. *Eldred,* 73 Cal. 394.)

The judgment and order appealed from are affirmed.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.