[L. A. No. 1146.   Department Two.—September 15, 1902.]

## J. H. DEWEY, Executor, etc., et al., Respondents, v. CHARLES S. PARCELLS et al., Appellants.

QUIETING TITLE—PRESCRIPTION—TITLE FROM COMMON SOURCE—PLEADING—FINDING—MISJOINDER OF PARTIES—WAIVER—APPEAL.—In an action to quiet title, where the complaint alleged ownership in fee in each of the plaintiffs to the lot or lots claimed by him, and it was stipulated "that payment of all taxes and adverse possession was proven by the plaintiffs for the lots claimed by them respectively," an allegation that plaintiff deraigned title from a common source is immaterial, and need not be proved or found in order to sustain a judgment for the plaintiffs, if no misjoinder of plaintiffs was pleaded by the defendants. In such case, the question of misjoinder was waived, and cannot be raised upon appeal for the first time.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   Lucien Shaw, Judge.

The facts are stated in the opinion.

Del Valle & Munday, for Appellants.

Charles S. McKelvey, and Julian P. Jones, for Respondents.

COOPER, C.—This action was brought by more than thirty plaintiffs for the purpose of quieting their respective titles to as many different tracts of land. It is alleged that each claimant is the owner in fee and in the possession of his lands respectively. The land is all described by certain numbered lots of "Parcells's subdivision of the John Thomas Tract." Each of the plaintiffs claims to own separate lots, the lots being numbered from four to fifty-four.

The complaint contains an allegation that the plaintiffs each deraigns title through a common source from E. E. Thomas, H. S. Parcells, and Charles S. Parcells.

Findings were filed and judgment entered in favor of plaintiffs. No appeal was taken from the judgment. A motion for a new trial was made, and this appeal is from the order denying the motion.

No error is claimed as to any ruling of the court during

CXXXVII. Cal.—20

the trial. The only point insisted upon, as we understand the appellants' brief, is, that the evidence does not support the finding that the plaintiffs each deraigns his title from a common-source. We think, in view of this record, the allegation and the finding may be regarded as wholly immaterial. The complaint alleges ownership in fee, in each of the plaintiffs, to the lot or lots claimed by him. It was stipulated "that payment of all taxes and adverse possession for the period of five years prior to suit was proven by the plaintiffs, for the lots claimed by them respectively."

The court found, in separate findings, the respective allegations of ownership in fee as to each plaintiff to be true. These findings are unchallenged. It is contended that in order to bring the suit jointly, it was necessary for the plaintiffs to allege, under section 381 of the Code of Civil Procedure, that they claim under a common source of title; and that as such allegation was necessary in order to bring the action it was necessary to be proven and found by the court. A conclusive answer to this is, that no question as to misjoinder of plaintiffs was raised by demurrer or answer. In such case the question was waived, and cannot be raised here for the first time. (Code Civ. Proc., sec. 434; *Ah Tong* v. *Earle Fruit Co.,* 112 Cal. 682.)

It is the policy of the law and the object of the statute to dispose of all actions upon the merits. In case each plaintiff is the owner of the land claimed by him, as the court found, he has the right to have his title quieted. If the titles of the various plaintiffs were not derived from the same common source, and the defendants would put them to separate suits, the questions should have been raised by appropriate pleading. The question does not go to the merits; the only effect would be delay, and defendants, not having raised it in the court below, they will not be permitted here for the first time to do so for the purpose of reversing a judgment otherwise just.

We advise that the order be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.            Henshaw, J., McFarland, J., Temple, J.