[Civ. No. 15294.   Second Dist., Div. Two.   June 18, 1946.]

HAROLD N. LANDON, Respondent, v. ELMA A. LANDON, Appellant.

Wiseman & Elmore and Oscar Z. Wiseman for Appellant.

Boyle, Holmes, Fry & Garrett for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to set aside, on the ground of extrinsic fraud, (1) a default, (2) interlocutory decree, and (3) final decree of divorce, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are:

Defendant and plaintiff were married in 1926. In 1939, plaintiff and defendant, with their two children, went to Japan where plaintiff engaged in a business venture. In October, 1940, defendant and the children of the parties returned to the United States. At the time defendant left Japan, she had $548. Thereafter defendant received no further financial aid from plaintiff. She maintained herself and supported her two children, aided by some assistance from Mrs. Case, an aunt of plaintiff. Plaintiff remained in Japan to complete his business enterprise. On September 12, 1941, defendant filed a complaint for divorce and obtained an order for publication of summons. On or about October 18, 1941, plaintiff was served with a copy of the summons and complaint in Tokyo, Japan. He immediately cabled his attorney in California requesting that he file a demurrer to the complaint and obtain a continuance of the action pending plaintiff's return to the United States. Plaintiff's attorney did not follow the instructions he had received and failed to appear in the action because he believed that by so doing he would prevent a personal judgment being entered against plaintiff herein.

On November 25, 1941, plaintiff left Japan for the United States via Shanghai, China. He was in Shanghai on December 7, 1941 (the official date of the commencement of the war be-

tween the United States of America and Japan). On December 8, 1941, plaintiff was arrested by the Japanese in Shanghai, interned, and held in restraint by the enemy until November, 1943, when he was released, arriving in the United States in December, 1943.

On January 12, 1942, Mrs. Bouton, mother of plaintiff, presented to the superior court an affidavit that plaintiff was unable to appear in the divorce action because of the outbreak of the war and requested a stay of proceedings pending his return to the United States. Such an order was issued. Shortly thereafter, defendant communicated with Mrs. Bouton's attorney stating in substance that if Mrs. Bouton continued to interfere with the divorce proceedings she would obtain a statement from the State Department of the United States that plaintiff was working in the interests of the Japanese Government, and that the probable consequence would be trouble for plaintiff. Mrs. Bouton, fearing the consequences of the action threatened by defendant, refrained from further participation in the divorce proceedings.

On January 30, 1942, defendant moved to set aside the stay order. Though Mrs. Bouton had notice of the motion, she did not appear because of the threats made by defendant. At the hearing of the motion, defendant presented an affidavit to the court in which it was stated that plaintiff voluntarily absented himself from the United States, had failed to support his family and was drinking heavily. At the time of the hearing defendant knew that plaintiff was absent due to his business difficulties and his physical restraint by the Japanese Government; also that plaintiff had cabled his aunt, Mrs. Case, on November 28, 1941, stating that he was on his way home and in need of funds for his passage, and that Mrs. Case had attempted to cable funds for such purpose but that the outbreak of the war between Japan and the United States of America had prevented delivery of the funds to Shanghai. These latter facts defendant did not divulge to the court when seeking to have the order staying proceedings in the divorce trial vacated.

Defendant's motion to vacate the stay order was granted and subsequently plaintiff's default in the divorce action was entered and an interlocutory decree of divorce was granted defendant herein on February 18, 1942. On March 9, 1943, a final decree of divorce was entered. On November 21, 1943, defendant married James Phillips. Mr. Phillips was not made

a party to the present action, nor does the record disclose that he has received notice thereof or made an appearance in this action.

There are three questions presented for our determination which will be stated and answered hereunder seriatim:

First: *Was there substantial evidence to sustain the trial court's finding that the interlocutory and final decrees of divorce entered in favor of defendant herein were the result of extrinsic fraud practiced upon the trial court?*

This question must be answered in the affirmative and is governed by this pertinent rule of law: The concealment of facts which, if revealed to the trial court, might result in the postponement of an adjudication until the absent party can be heard constitutes extrinsic fraud. (*Olivera* v. *Grace,* 19 Cal.2d 570, 576 et seq. [122 P.2d 564, 140 A.L.R. 1328] ; *Williams* v. *Williams,* 57 Cal.App. 36, 42 [206 P. 650].)

Applying the foregoing rule to the facts in the instant case the evidence discloses that defendant concealed from the trial court, when she caused plaintiff's default to be entered in the divorce action and at the time of the hearing of her application for a divorce, that she was in possession of a letter from plaintiff in which he explained to her in detail the reasons for his continued stay in Japan; that due to his physical condition, resulting from his ill treatment by the Japanese, he had for some time during his stay in Tokyo drunk as much as a quart of whiskey a day, but that at the time he was writing, September, 1941, he was able to get along with much less liquor; and anticipated being with defendant before Christmas, 1941. Defendant also concealed the fact from the trial court that she knew that plaintiff was in Shanghai endeavoring to gain passage to the United States; was in need of funds for such purpose and that plaintiff's aunt, Mrs. Case, had attempted to cable funds to him but was unable to do so because of the outbreak of the war between the United States of America and Japan.

It is further to be noted that defendant presented to the trial court an affidavit in which she made a false statement to the effect that plaintiff voluntarily remained in Japan. It appears evident that had the trial court been apprised of the true facts it would have continued the hearing of defendant's application for divorce until after plaintiff had had the opportunity to return to the United States and present his defense to the divorce complaint. Clearly such concealment of

pertinent facts constituted extrinsic fraud upon the trial court and such evidence sustains the trial court's finding that extrinsic fraud had been practiced upon it.

■ Second: *Does the judgment in the instant case do equity?*

This question must likewise be answered in the affirmative. After a trial lasting seven court days, the trial court found, supported by substantial evidence, that justice and equity required the setting aside of the default, interlocutory and final decrees of divorce on the ground of extrinsic fraud practiced upon the trial court. The trial court properly found that plaintiff was entitled to be heard upon the merits before his marriage and family ties were broken up, his property sequestered and his children taken away from him. It is axiomatic that courts are solicitous to protect the marriage status; favor a hearing on the merits in divorce cases and require only slight evidence to set aside a default judgment upon the showing of equitable grounds.

■ Third: *Was defendant's second husband an indispensable party to the present action?*

This question will not be considered by this court for the reason that the law is settled in California that by failing to make an objection in the trial court that some person not joined in the action is a necessary party the right to raise such objection is waived and may not be urged for the first time on appeal. (*Dewey* v. *Parcells,* 137 Cal. 305, 306 [70 P. 174] ; *Kippen* v. *Ollasson,* 136 Cal. 640, 641 [69 P. 293] ; *Alhambra Bldg. & Loan Assn.* v. *DeCelle,* 47 Cal.App.2d 409, 412 [118 P.2d 19] ; *Jolley* v. *Clemens,* 28 Cal.App.2d 55, 75 [82 P.2d 51]. See, also, 20 Cal.Jur. (1925) § 59, p. 581.)

The foregoing rule is applicable in the present case because defendant had ample opportunity to make objection in the trial court that her second spouse was a necessary party to the action. This she failed to do.

In view of our conclusions it is unnecessary to discuss other questions argued by counsel.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied July 8, 1946, and appellant's petition for a hearing by the Supreme Court was denied August 15, 1946. Traynor, J., and Schauer, J., voted for a hearing.