[Civ. No. 18821.   First Dist., Div. Two.   Mar. 7, 1960.]

ROBERT EDISON, Appellant, v. MARGARET EDISON, Respondent.

John A. Putkey and Frank C. Vorsatz for Appellant.

Lawlor & McKibben for Respondent.

DRAPER, J.—Four years after entry of interlocutory decree in this divorce action, defendant wife moved to vacate and set aside her default, and the interlocutory and final decrees, upon the ground of plaintiff husband's extrinsic fraud. The motion was granted, and plaintiff appeals.

The basis of the wife's motion was that she was mentally incompetent at the time of the entry of her default and that the husband's extrinsic fraud consisted in his concealment of this fact from the trial court, thus depriving her of the right to be heard, and preventing a fair adversary proceeding. The trial court accepted this view.

Of course, this motion is not one under Code of Civil Procedure, section 473. ▮ The rule is clear, however, that a judgment procured by extrinsic fraud may be vacated on motion, as well as by an action in equity. (*Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328] ; 29 Cal.Jur.2d, Judgments, §§ 125, 174.)

Plaintiff-appellant asserts that the evidence, which consisted wholly of affidavits plus certified copy of an Illinois decree, is insufficient to support the order.

The defendant, to sustain her motion, was required to establish (1) that she was mentally incompetent at the determinative time involved, (2) that plaintiff either knew this or knew facts concerning it which, if revealed to the court, would have resulted in a continuance until she could be heard in person or by guardian, and (3) that plaintiff concealed such information from the court. (*Olivera* v. *Grace, supra,* 19 Cal.2d 570; *Landon* v. *Landon,* 74 Cal.App.2d 954 [169 P.2d 980].)

▆ Defendant's affidavits allege that she "had a complete mental breakdown" and was committed to the state hospital at Manteno, Illinois, on May 18, 1953. Certified copy of the order of restoration made by the County Court of Cook County, Illinois, recites that defendant "was adjudged mentally ill" May 18, 1953, and orders, on March 1, 1958, that she be "restored to all the rights and privileges of a sane person." The word "incompetent" is not specifically used either in the affidavits or the order, but the conclusion is inescapable that she was so adjudged. The divorce action was filed by the husband November 24, 1953; default entered sometime after that date and before October 4, 1954, the date of the interlocutory decree; and the final decree is dated January 20, 1956. It is thus clear that the period of incompetency encompassed not only the entry of default, but all possibly relevant proceedings in this action.

Plaintiff husband's own affidavit admits that when the divorce suit was filed he knew that his wife "had been committed" "to a mental institution." He can hardly avoid this concession, since his affidavit for publication of summons gave, as his wife's last known address, a street and number which is that of the state hospital at Manteno. The wife had never lived in that city save as a result of her commitment. Although he alleges that he did not know whether she had been "released," he concedes knowledge that she "might still be in said institution." The knowledge he admits would support the inference that, seven months after his wife's commitment, he knew of her continued incompetency. At the least, the facts known to him were such as, if revealed to the court, would have persuaded it to postpone adjudication until the question of competency could be determined. (See *Landon* v. *Landon, supra,* 74 Cal.App.2d 954, 957.)

Plaintiff in no way suggests that he disclosed to the court the facts of defendant's mental condition known to him. His affidavit does allege that he gave this information to the attorney who then represented him. No affidavit of this attorney was filed. Plaintiff does not allege that the attorney advised him that disclosure to the court was unnecessary. He does not argue that his disclosure to counsel discharged his duty to the court, but apparently leaves it to us to imply or infer such an argument. We refuse to do so. We cannot accept the view that bare disclosure to counsel, in the confidential attorney-client relationship, discharges the duty of disclosure to the court, or avoids or minimizes the fraud upon the court, defendant wife, and the child of the parties.

The evidence strongly supports the action of the trial court. Order affirmed.

Kaufman, P. J., and Dooling, J., concurred.