[Civ. No. 21044.   First Dist., Div. Two.   Nov. 26, 1963.]

LOUISE M. PERKINS, Plaintiff, Cross-defendant and Appellant, v. EVERETT D. DAWSON, Defendant, Cross-defendant and Appellant; OLGA N. DAWSON, Defendant, Cross-complainant and Respondent; JACQUOLYN MONSON et al., Cross-defendants and Appellants.

John R. Swendsen and Tom B. Markley for Plaintiff, Cross-defendant and Appellant; Defendant, Cross-defendant and Appellant; and Cross-defendants and Appellants.

Allen M. Garfield for Defendant, Cross-complainant and Respondent.

TAYLOR, J.—Plaintiff, Louise M. Perkins, the assignee of a promissory note, appeals from a decree in equity setting aside a judgment by default against one of the comakers, respondent and cross-complainant, Olga Dawson. Cross-defendants, Jacquolyn Monson (the payee) and real party in interest, Everett Dawson (the other comaker) and John R. Swendsen, appeal from the decree and from an order denying their motion to strike and restore the default and judgment. The contentions on appeal are that the trial court abused its discretion in setting aside the default 1 year, 5 months and 16 days after the entry of judgment (Code Civ. Proc., § 473) and that the trial court erred in setting aside the default because the respondent had failed to prove that she was entitled to *equitable relief*.

On October 24, 1960, appellant Perkins, by her attorney, the appellant Swendsen, filed her complaint against appellant Everett Dawson and respondent Olga N. Dawson, alleging the assignment of a promissory note for $4,000, executed

on March 16, 1959, in favor of her assignor, appellant Monson. The complaint alleged that the note was unsecured, although the note, on its face, recited that it was secured by a deed of trust on certain real property. A writ of attachment against the real property was levied. After proper service, default was entered against Olga and Everett Dawson on January 20, 1961, and on January 24, 1961, the court ordered judgment for $4,420.05 and allowed $1,000 in counsel fees.

On June 15, 1962, respondent Olga Dawson filed her notice of motion to set aside the default and judgment on grounds that they were taken through extrinsic fraud, mistake, inadvertence and surprise, as well as neglect and collusion of her attorney of record at that time (cross-defendant Anne Varakin, who is not a party to this appeal), and the other appellants. Respondent's affidavit in support of the motion set forth the following facts.

On November 1, 1958, respondent Olga N. Dawson and appellant Everett D. Dawson, were husband and wife and negotiated the purchase of a new home at 10 Lansdale Avenue in San Francisco. As they were unable to realize the expected amount on the sale of their old home, they needed to borrow an additional $4,000 to be secured by a deed of trust. Respondent Olga Dawson signed the blank note presented by her husband on his representation that the $4,000 loan would be made by one C. J. Borgfeldt, a private mortgage lender, who also held the second deed of trust on the old home. The purchase was completed and the parties moved into the Lansdale Avenue home about April 1, 1959. Sometime thereafter, appellant Dawson informed the respondent that the $4,000 had not come from Borgfeldt but from appellant Monson, and was not a loan, but a payment for professional services rendered as an accountant.

Thereafter, the parties developed marital troubles and on May 25, 1959, appellant Everett Dawson moved into the home of appellant Jacquolyn Monson. Several days later, respondent filed an action for separate maintenance through cross-defendant Anne Varakin. Appellant Jacquolyn Monson, a widow, was financially interested in two separate probate matters concerning the estate of her late husband then pending in San Francisco. Appellant Dawson, an accountant, had performed services for both of these estates. His claim for $6,570 was contested and settled for $2,500. This reduction of around $4,000 enabled appellant Monson to settle both probate matters and pay the $4,000 to appellant Dawson. All of these matters occurred while respondent and appellant Daw-

son were living together as husband and wife. Appellant Monson still owes appellant Dawson substantial sums for services rendered to her as an accountant while appellant Dawson and respondent were living together.

Subsequently, respondent directed her attorney to amend her complaint for separate maintenance to seek a divorce upon grounds of adultery, naming appellant Monson as correspondent. At subsequent conferences with the respondent and her attorney, appellant Dawson, who was then living at the Monson home, agreed that if the charge was changed to cruelty, he would enter into a property settlement agreement and specifically see that the $4,000 note was cancelled. Such an agreement was executed on November 29, 1959, and integrated into the interlocutory decree of divorce rendered on January 20, 1960.[1] The final decree was entered on January 26, 1961.

Appellant Swendsen, attorney for appellant Monson, filed suit on the note against the respondent, naming as plaintiff his secretary, appellant Louise M. Perkins, and attached the respondent's home. Respondent delivered the summons, complaint and writ to cross-defendant Anne Varakin, her attorney, with instructions to enter a defense. Cross-defendant Varakin secured a stipulation extending the time to answer to January 3, 1961, but took no further action in the case because appellant Swendsen informed cross-defendant Varakin that Mrs. Monson was filing the suit to establish a tax loss and that she recognized that the suit had no validity in law or fact and no further action would be taken therein. Mrs. Varakin informed respondent that appellant Dawson intended to marry Mrs. Monson as soon as the divorce decree became final; that the note was cancelled; and that respondent need not be concerned about it. Respondent relied on these assurances of her attorney, as well as those of appellant Dawson.

Without the knowledge of the respondent, appellant Swendsen, on January 24, 1961, secured a default judgment on the note against respondent and her former husband for $5,420.05, including an attorney's fee of $1,000. Respondent was unaware of said judgment until she received a letter from appellant Swendsen on May 9, 1962, informing her that Swendsen was attorney for the real party (Mrs. Monson) and demanding payment of the judgment.

---

[1] The complaint in this action was filed on October 24, 1960, and judgment entered on January 24, 1961.

Cross-defendant Anne Varakin filed a declaration denying that she was negligent or had any knowledge of respondent's defense to the note. Appellant Jacquolyn Monson's affidavit in opposition to respondent's motion to set aside the judgment and default alleged the execution of the note and stated that on the advice of her attorney, appellant Swendsen, she consented to have the suit brought in the name of appellant Perkins, who was Swendsen's secretary, after finding out that the note was unsecured. Appellant Everett Dawson also filed an affidavit opposing the respondent's motion. Appellant Swendsen averred that the original note was not in fact secured by a deed of trust and that he advised appellant Monson to bring suit on the note to protect her interests.

The motion to set aside the default judgment of respondent Dawson was granted on July 10, 1962. Respondent filed her answer and cross-complaint on July 11, bringing in as new parties and cross-defendants Jacquolyn Monson, Everett Dawson, John R. Swendsen and Anne Varakin. Thereafter, appellants Dawson, Monson and Swendsen filed their motion to strike the cross-complaint and answer and to restore the default judgment. This motion was denied on August 31, 1962, and these appeals ensued.

■ Respondent moves to dismiss the appeal of Dawson, Monson and Swendsen, on the ground that they were not parties to the default judgment and became parties only upon the filing of her cross-complaint and are not aggrieved parties. There is no question that under the rule of *Luckenbach* v. *Laer*, 190 Cal. 395 [212 P. 918], these appellants are proper parties to the record after judgment. ■ As the cross-complaint charges them with fraud, they are likewise aggrieved parties (Code Civ. Proc., § 938) and entitled to appeal from the decree.

■ The main contention on appeal is that the trial court abused its discretion in granting the motion to set aside the default. Appellants first argue that the trial court had no jurisdiction to do so because the motion was made more than six months after the entry of the judgment (Code Civ. Proc., § 473). There is no merit in this contention as the motion was not based on the statute but was addressed to the independent equity power of the trial court to set aside a judgment based on fraud and mistake (*Olivera* v. *Grace*, 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328] ; *Carney* v. *Simmonds*, 49 Cal.2d 84 [315 P.2d 305] ; *Craney* v. *Low*, 46 Cal.2d 757 [298 P.2d 860] ; *Davis* v. *Davis*, 185 Cal.App.2d 788 [8 Cal.Rptr. 874] ; *Edison* v. *Edison*, 178 Cal.App.2d 632 [3 Cal.Rptr.

201]; *Evry* v. *Tremble*, 154 Cal.App.2d 444 [316 P.2d 49];
*Watson* v. *Watson*, 161 Cal.App.2d 35 [325 P.2d 1011]).
Such a motion may be made after the statutory time has
expired or after relief denied under the statute (*Sternbeck* v.
*Buck*, 148 Cal.App.2d 829 [307 P.2d 970]; *Turner* v. *Allen*,
189 Cal.App.2d 753 [11 Cal.Rptr. 630]).

█ Appellants next contend that the trial court abused
its discretion as the affidavits do not show extrinsic fraud or
that the respondent had a good defense to the original claim
which would be likely to result in a favorable judgment if
asserted in a new trial (*Wilson* v. *Wilson*, 55 Cal.App.2d 421,
427 [130 P.2d 782]). █ It is the general rule that a mo-
tion to set aside a default judgment is addressed to the sound
discretion of the trial court and in the absence of a clear
showing of abuse in the exercise thereof, an appellate court
will not disturb the order of the court below (*Stub* v. *Harri-
son*, 35 Cal.App.2d 685 [96 P.2d 979]). █ There was a
conflict between the statements of fact in the respondent's
affidavit and the declaration of her former attorney, as well
as the affidavits of the appellants. However, this conflict has
been resolved in favor of the respondent by the trial court
and is not a matter subject to our review. The respondent's
affidavit, if believed, set forth sufficient facts that respond-
ent's signature to the note was obtained by fraud (cf. *Bab-
bitt* v. *Babbitt*, 44 Cal.2d 289 [282 P.2d 1]). Furthermore,
the affidavit also shows that respondent had valuable rights
to protect and the plaintiff acquired those rights by what
reasonably can be said to amount to respondent's ignorance,
mistake or inadvertence and without an opportunity for a
*fair adversary hearing*. This has been held to be a basis for
equitable relief (*Watson* v. *Watson, supra*; 3 Witkin, Cal.
Procedure, pp. 2122-2128; *Olivera* v. *Grace, supra*).

The record before us shows that two different trial courts
heard the motion to vacate the default and the motion to
restore the default and came to the same conclusion. Not only
does a broad discretion in such matters rest with the trial
court but the law favors the determination of an action by a
trial upon the merits rather than by default. When a trial
court has exercised its discretion in a manner to effectuate
this policy, as in the present case, it must clearly and con-
clusively appear that there has been an abuse of discretion to
warrant interference with such action by an appellate court.
█ On appeal, the burden of showing abuse of discretion
or error rests on the appellant (*Watson* v. *Watson, supra*).

The decree setting aside the default is affirmed and the appeal from the order denying the motion to restore the default is dismissed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was denied December 13, 1963, and appellants' petition for a hearing by the Supreme Court was denied January 22, 1964.